EDWARDS AND CRAVENS, ADM'R. AND ADM'X. *v.* M'KEE.

1. An action at law does not lie on a lost bond or promissory note.
2. On an agreement for the sale of goods, when the parties stipulate that the whole, or a part of the sum, may be paid in services to be rendered—held, that, after the time of payment has elapsed, an action of debt for the money will well lie; and such an agreement being proved, does not defeat the action. (Note *a.*)

APPEAL from the Jefferson Circuit Court.

M'GIRK, C. J., delivered the opinion of the Court.

This was an action of debt, brought to recover four hundred dollars.    The first count is on simple contract, for goods sold and delivered.

The second count is on a lost bond, for the same sum.    The count states, that the bond was made in the year 1817, the month and day of the month, blank; the time of payment is 18 and blank, and the month and day of the month, blank.

The third count counts on a lost promissory note, for the sum of four hundred dollars, and refers to the second for the date and time of payment, by the words, year and day aforesaid. In the second and third counts, no profert is made, and the want of profert excused, by alledging, the writings were destroyed by time and accident. The breach states, that the money, although long due and payable, was not paid, &c.

To the first count there is issue to the country, and a general demurrer to the second and third counts, without oyer. The demurrer to these two counts were sustained, and a trial had on the first count.

(124) On the trial of the cause, it was proved by plaintiff, that some time in the year of our Lord 1817, as the defendant was returning home with sundry horses, six in number, including one colt, the defendant represented to a witness that he had purchased said horses, together with a wagon and gears, from Cravens, the intestate —that the terms on which he had purchased, were, that he was to keep the horses, wagon and gears until the Christmas next ensuing, at which time he had his election, either to return the said horses, wagon and gears, to Cravens, or to keep them at the price of $400, to be paid by the 25th December, the next year : and that defendant said he considered the contract advantageous, inasmuch as he was to have the privilege of paying the said sum of $400, or a part thereof, in hauling. It was also proved, that before the time of this conversation, the horses, &c., were the property of Cravens, and that they were afterwards in the possession of M'Kee, and that M'Kee did not return them to Cravens, but kept them.

Upon this state of the case, the defendant's counsel moved the Court to instruct the jury, that if they found it was a part of the contract of the sale and purchase of said horses, &c., that the defendant was to have the privilege of paying said sum of $400, or any part thereof, in hauling, they must find for defendant—which instruction was given, (and excepted to).

The plaintiff's counsel then moved the Court to instruct the jury, that if they, should find the sale of the said wagon, horses, &c., from evidence in the cause, independent of the declarations of the defendant, they were not bound to regard the said declarations, as containing the terms of the said contract, any more than if the declaration had been adduced in evidence on the part of the defendant, which was, by the Court, refused : but the Court instructed the jury, the said declarations must be received by them, to have such weight with them as they should think them entitled to, as evidence of the terms of the contract, the same having been adduced on the (125) part of the plaintiff, which was also excepted to. The jury having found for the defendant, an appeal is taken to this Court.

The first question presenting itself in order, as it occurred in the progress of this cause, is, did the Circuit Court err in sustaining the demurrer to the second and third counts in the declaration ?

The first question urged at the bar, in support of the judgment of the Court, is, that the manner of stating the time of payment, date of writing, &c., is too uncertain. The Court will pass this question by, inasmuch as it is their opinion, an action at law cannot be maintained on a bond or note, which is said to be lost or destroyed by time and accident. Then, as to the main question made by the demurrer, can an action of debt for the recovery of the debt be maintained on a bond or note, which is destroyed by time and accident ?

It is an undoubted rule of the common law of England, that whenever any thing is claimed by a deed, profert of the deed must be made in pleading. To this rule,

however, there are some exceptions; one is, where the deed has been pleaded in an-
other Court, and there remains.

Another is, where the deed is in the possession of the adverse party; and, in
England, as *Lord Kenyon* says, (3 *T. Rep.* 156,) profert need not be made in the case
of conveyances, operating under the statute of uses. And there may be other
exceptions, but if there are, they are not at present recollected by the Court.

If this case, then, does not come within some one of the exceptions, profert should
have been made of the deed. It is not pretended it does. .

Indeed, the law, (as understood by *Chief Baron Gilbert*,) is so strict on this sub-
ject that profert will not be excused, even though the deed is proved to be burnt by
fire. (See *Gil. Evi.* 97.) It is admitted at the bar, that the law was so understood
in England, until the decision made by the Court of King's Bench, in 1789, (3 *T. R.*
151) ; and it is thought that case has been a leading case on this point, in that coun-
try, ever since. That case, (the case of Read *v.* Brookman,) was an action of
(126) replevin and avowry of distress for rent. To the avowry there were several
pleas in bar, and the fourth plea pleaded a release of the yearly rent forever, alledging
the release was destroyed by time and accident, and ,made no profert of the deed of'
release. To this plea, a demurrer for want of profert.

*Lord Kenyon,* in delivering his opinion, sets out by saying, if the objection prevail,
it will be because the law is so written, and not that it is reasonable ; but says, if
there is a series of adjudged cases in favor of the objection, it must prevail. It is to
be observed that *Lord Kenyon,* in giving his opinion, goes almost entirely on the
reason of the case, and thinks the objection unreasonable, and relies only on one
adjudged case for his opinion, which is the case of Totty *v.* Nesbet, which appears
to have been adjudged in *K. B. 24th G. 3*; In Totty's case, an action on a bond was
brought, profert made, and *a demand of oyer.* The plaintiff's counsel moved for a
rule on the defendant, to show cause why the demand of oyer should not be waived,
it appearing the bond was lost, and plaintiff having previously filed his bill in the
exchequer for a discovery, and alledging the defendant had destroyed it. The
defendant, by his answer, admitted the former existence of the bond, and that he
had destroyed it. Then Buller, Justice, said, you have declared with a profert, and
after that, the Court cannot say there shall not be oyer ; but adds, you should have
declared the bond was destroyed, and then it would appear on the record the defen-
dant was not entitled to oyer. All we can now do is to order that the production of
copy shall be oyer ; but the plaintiff having no copy, obtained a rule to show cause
why the declaration should not be amended. Here the report ends, without saying
what became of the rule.

There is, however, another case, (3 *T. R.* 153, note c., Mateson *v.* Atkinson,)
where a like application was made, in effect, and Ashhurst, Justice, advised the
plaintiff to amend his declaration so as to excuse profert, which was not done, for
some reason therein appearing. This last case is not, however, noticed by the Court
in the case Read *v.* Brookman. , This case of Totty *v.* Nesbet, does not appear to us
(127) sufficient to overturn what we perceive to have been the ancient established
law ; and in this very case of Read *v.* Brookman, *Lord Kenyon* admits the old law
was otherwise than he then decided ; for he says, (3 *T. R.* 157,) I should have been
glad to have found one direct authority on this point in latter times ; and *Ashhurst,*
in giving his opinion, relies on Leyfield's case, (10 *Coke,* 92 a.) which says, when a
man's muniments are lost by fire, profert of the deed pleaded may be dispensed with;

Edwards & Cravens *v.* M'Kee.

and the Judge says, the case of fire is only put as an instance, and that if the deed be destroyed by any other means, it falls within the reason of that rule, and then proceeds to reason on the convenience of the thing; and *Justice Buller* in giving his opinion, appears to have proceeded on the ground that grants, letters patent, and records, may be presumed from length of time; and says, it would be a strange contradiction to say, the law allows a right and yet precludes the party from taking the benefit of it. These three Judges concur in overruling the demurrer, and *Grose*, Justice, was of a different opinion.

None of the authorities which the Court in that case seem to rely on, appear to be satisfactory to us, that profert, in an action on debt or bond, can be dispensed with.

It is with much diffidence, however, we would undertake to say, the Court of King's Bench were mistaken on matters of law. But it is to be remarked, that much of the reasoning in the case mentioned, goes on the ground of presumptions being raised of grants, &c., from length of time; and those things may have much weight in making the opinion of the Court. That case presented a case, where the deed of release was made prior to the year 1757, and the action was determined in 1789, a period of thirty-two years, which shows the deed of release was old enough to raise a presumption, equal, almost, to a grant, especially if the right claimed were according to the claim set up by the deed.

Where there is a bond for the payment of money, every prior simple contract, with (128) respect to that matter, is extinguished, and the debt then exists by the bond alone; but in equity, the original and present duty are the same, and no destruction of the bond, by which the debt exists in law, will exonerate the defendant from the payment of the money; but when the bond is destroyed, there is no longer any debt at law existing; for the debt only exists while the bond exists, or at all events, cannot exist in law any longer.

When the seal is torn off, the bond is void in law, (*Gil. Evi.* 110.) But where an interest in law vests, though the deed has no continuance, the destruction of the deed will not destroy the right at law, (*Gil. Evi.* 110,) as where a thing lies in livery, a deed formerly sealed, may be given in evidence; for the possession or right, which was once transferred, does not return on the destruction of the deed. (*Gil. Evi.* 109.)

But where a debt or interest only exists by the deed, that deed must always be shown to the Court, when the thing is demanded in Court. In this case before the Court, the declaration says, the bond is destroyed by time and accident; therefore, profert cannot be made. If the bond is destroyed by time, accident, fraud or force, in either case it has no existence; and of course, the debt which existed thereby, ceases to exist also. But here it is attempted to resuscitate the original duty; for it cannot be pretended, that to declare on a bond destroyed, is declaring on any bond at all; but it is, substantially, a resort to the original duty.

These reasons will also apply to the count on the destroyed note, so far as it is the thing by which the debt was due. However, profert need not be made of a promissory note; but if the defendant plead non-assumpsit, the note must be produced on the trial, according to the practice of the Circuit Court, which practice we do not wish to disturb, unless the question were brought directly before us. At all events, whatever may be the law, with respect to that matter, we are of opinion, that to declare on the note when there is no note in being, is not warranted by the law of this State. We are, therefore, of opinion, that the Circuit Court did not err in sustaining the demurrer to the first and second counts.

8*

Edwards & Cravens *v.* M'Kee.

With respect to the instruction of the Court to the jury, on application of defendant's counsel, the Circuit Court did err on that point. The Court instructed the jury, if they should find the defendant had the privilege of paying the whole sum, or any part thereof, in hauling, that then they must find for defendant. This is not the case of a contract in the alternative, but is to be viewed as a means by which the payment of money may be defeated, and is nothing but a defeasance; but after the time limited for payment had elapsed, the action will well lie.

With respect to the prayer of plaintiff's counsel for instruction to the jury, there is no error. Judgment affirmed, as to the demurrer on the second and third counts; reversed on the first count. Let the cause be remanded to the Circuit Court for a new trial of the issue, made up on the first count in the declaration, not inconsistent with this opinion.

Cook, J., dissenting.

I concur in the foregoing opinion on the first count in the declaration, and, also, that the demurrer to the second was properly sustained, because the obligation declared on is not set out with sufficient certainty; no date or time of delivery of the obligation being stated. But it is my opinion, that the loss or destruction of the deed does not extinguish the legal right, of which the deed was evidence. Upon the third count, I incline to the opinion, that the demurrer was improperly sustained, as the party need not declare on the note with a profert in Court; and the date thereof not being material, the stating it blank, as in this case, is cause of special demurrer only.

(*a.*) See Snell *v.* Kirby, 2 Mo. R., p. 22; Warder *v.* Evans, 2 Mo. R., p. 206.