# DECISIONS

OF THE

# SUPREME COURT OF MISSOURI.

## FIRST JUDICIAL DISTRICT, MAY TERM, 1835.

### BURTON v. SWEANEY.

1. Declaration in Trespass *vi it armis*.
2. Plea of Justification.
3. In such plea the Trespass must be admitted.
4. But the Trespass is sufficiently admitted; by stating that defendant *took* the *horses* in the *declaration mentioned*.
5. A defendant justifying a taking as Constable by virtue of an Execution, is not bound to set out the judgment.
6. He was bound to obey the *writ*—and had no right to compare it with the *judgment*.
7. In such plea it is not necessary to shew a *sale* of the property taken.
8. The allegation in the declaration that defendant *detained, converted*, &c. the property is matter of aggravation, and need not be answered in the plea.

ERROR to the circuit court of Monroe county.

The opinion of the court was delivered by TOMPKINS, Judge.

Sweaney sued Burton in the circuit court and had judgment there; and to reverse that judgment, Burton prosecutes his writ of Error.

Sweaney in his declaration charges that Burton took and carried away certain horses of him Sweaney. Burton pleads, that, as to the seizing, taking and carrying away of the horses in the said declaration mentioned, he Sweaney ought not to have and maintain his action, &c. because he says, that before that time one Simon Burton had recovered judgment against him said Sweaney before a Justice of the Peace, and that; by virtue of an execution issued on that judgment, he took and sold the horses, in the declaration mentioned, according to law.

The execution, which was set out in the plea, recites; that whereas, judgment was obtained against Joseph Sweaney, (who is the defendant in error;) and whereas Harrison Sweaney had acknowledged himself bound with said Joseph Sweaney in the full amount of said judgment

Plea of justification.

In such plea the trespass must be admitted.

But the trespass is sufficiently admitted, by stating, that defendant *took the horses* in the *declaration mentioned.*

and cost, and then commands the constable to make the money of the property of Joseph Sweaney, and if he should not find any of the goods, &c. of him said Joseph, then to make the money by levying on those of Harrison Sweaney.

The plaintiff demurred to the plea and the demurrer was sustained by the court.

It is insisted that the plea is bad, for these reasons.

1st. That the plea, being one of justification, did not admit the right of property in the plaintiff.

2nd. That the execution as set out did not pursue the judgment.

3rd. That the plea did not show how the defendant had sold and disposed of the property taken in execution.

4th. That the plea commences as an answer to part of the declaration, and concludes as a bar to the whole.

1st. Every plea of justification, states circumstances which either excuse the fact complained of, or shew it to be lawful.

It must therefore admit or confess such fact, otherwise it is not a justification, but a denial of the fact and amounts to the general issue, 1 Chitty pleadings 511. Here the fact complained of is, that the horses of the plaintiff were taken out of his close. The plea answers that the horses in the declaration mentioned were taken by him as constable by virtue of an execution against the plaintiff.

The defendant was commanded by the writ to take the property of the plaintiff, and the plaintiff in his declaration, charges that the defendant took his horses: it is not conceived that the defendant could in more express terms have admitted the right of the plaintiff to the horses, than he has done by saying, as he did, that he took the horses in the declaration mentioned. The fact of taking is fully admitted, and it would have been a mere waste of words to have made another express admission of the plaintiff's right of property. The case of Terril v. Thompson cited by the plaintiff's counsel, 3 Bibb 275, is not in point. In that case, the defendant Thompson pleaded that the corn in the declaration mentioned was taken as the property of one McCallister, by a constable under an execution, &c. and that he Thompson at the sale under the execution by the constable became the purchaser, which is the same trespass in the declaration mentioned, &c.

Now it may be asked, what justification it could have been that the constable took Terrill's corn to satisfy an execution against McCallister and sold it to Thompson.

But had that execution been issued against Terrill, then the plea that the corn in the declaration mentioned was taken, &c. would have been good: it would have admitted the right of property in Terril, provided he had drawn his declaration as that in this cause is drawn.

2. It was not at all material that the defendant should have set out the justice's judgment. As constable he was bound to obey the writ, and had no right to compare it with the judgment on the justice's docket, the Justice being obliged by law to keep a docket as a record, could not permit every one, whom idle curiosity might prompt to inspect and handle it. It is not like the case of a plaintiff in an action of ejectment, who being obliged to set out a title in himself, sets out one which he cannot prove.

3. It was not necessary for the defendant to state that he sold the property: if it had been true, as it was contended, that the defendant by his conduct subsequent to the taking might have made himself liable, the plaintiff might have replied that matter. When an officer acting under oath, does an official act, the law will presume it done lawfully, until the contrary be shown. The officer here was charged with committing a trespass in taking the plaintiff's property and has denied the charge. It would indeed be a hard case if after having denied the unlawful taking, he were compelled to retrace the steps he had taken when he sold the property, merely to collect evidence of acts which the plaintiff had not dared to complain of as unlawful. It is but a reasonable presumption that such officers have done their duty, when no one has complained that they have not done it.

4. It is true that if a plea profess to answer only a part, but afterwards answer more, it is not good, see 1 Chitty pl. 509. But that writer in such case, suggests that the plaintiff should not demur, but take his judgment for the part not mentioned in the beginning. But the declaration charges that he took, &c., three horses and the plea admits the taking and justifies it.

The other matters charged in the declaration, to wit, that the plaintiff detained, converted, &c., the horses, is mere matter of aggravation, and what it is not imagined any lawyer would think in this form of action, of denying by plea.

It is the opinion of the court that the circuit court erred in sustaining the demurrer to the said plea of the defendant, and its judgment is therefore reversed.

MAY TERM, 1835.

Burton
v.
Sweaney.

A defendant justifying a taking as Constable by virtue of an execution, is not bound to set out the judgment. He was bound to obey the *writ*—and had no right to compare it with the *judgment*. In such plea it is not necessary to shew a *sale* of the property taken.

The allegation in the declaration that defendant detained, converted &c. the property is matter of aggravation, and need not be answered in the plea.