McBride judge
delivered the opinion of the court.
John B. Higdon brought his action of trespass in the St. Louis circuit court against Samuel Conway, late sheriff of St. Louis county, for the taking of a slave, acted under a fi fa in favor of Carter et al vs. Higdon and one Charles Ely. The slave was the property of Higdon. The fi fa is regular on its face.
At the trial, Higdon, in order to defeat the sheriff’s defence set up under the writ, offered to prove that there was no judgment to warrant the issuing of the execution—that is that the clerk of the court from which the writ emanated had mistaken the name of Carter for the true name of the plaintiff in the judgment. The sheriff objected ; insisting that his defence consisted in the execution, and not the judgment '; and the court sustained the objection, and ruled out all such evidence. Higdon took a non-suit, and moved to set it aside; which motioil was overruled, and he brings the case here by writ of error.
The only question presented for our consideration, arises on the action of the circuit court in excluding the testimony offered by the plaintiff to prove that there was no such judgment of record in tho circuit court as that set out in the Writ. We had supposed that tho question here presented was well settled by the numerous decisions of the courts *297 of this country on the subject. The several cases referred to by the defendant’s counsel, tend manifestly to establish the principle that a sheriff is not charged with the duty of going behind a writ in his hands, regular on its face, to ascertain whether the court rendered its judgment in accordance with the law and the evidence ; or whether the clerk entered the judgment in conformity with the decision of the court; •or whether the execution on the judgment followed the judgment thus entered; but it is sufficient for him that the execution is regülar on its face, and emanates from a court having jurisdiction of the subject. To require more than this of a sheriff would be to require him to supervise, at his peril, the judgments of the court and the acts of the clerk; a power which the wisdom of the law certainly never intended to vest him with.
There is a case in 1 Cowen 413, more directly in point. The judgment was upon a bond and warrant of attorney; and, in issuing the fi fa, the attorney for the plaintiff had, by mistake, omitted the name of Addison Porter, and it was, by a like mistake, tested at the city of Utica, instead of the academy of Utica. The fi fa had been levied, and trespass brought by the defendant, on the ground that such levy was under an execution irregular and void. The court, on motion, permitted the writ to be amended, and so defeated the action of trespass.
Another case is reported in 1 Monroe, 7, of this character. A judgment was obtained by the plaintiff in error, on which a fi fa issued, and on its return, a venditioni exponas, which was returned with a delivery bond forfeited. On this bond a fi fa issued. The venditioni bond, and subsequent execution were all quashed on motion of the defendant in error, because the plaintiffs were misnamed in the rendition. In every other part of the record, as well as in the delivery bond, the plaintiffs are rightly named the “ president, directors and company of the bank Of Kentucky.” In the venditioni they are styled the “ president, directors and company of the centre bank of Kentucky. A motion was made and overruled, before the motion to quash was decided, to strike the word “centre” out of the venditioni. The court held that it was error in the circuit court to quash the writ; that the motion to amend should have been sustained.
This case should never have found its way into the courts of the country. The party bringing the fiction had a judgment against him upon which execution was issued, and the sheriff, ignorant of the error committed by the clerk in issuing the writ, levied it upon the debtor’s property, when he satisfied the writ by the payment of the money to *298 the sheriff, who doubtless paid over the money to the plaintiff in judgment, by which means the judgment is satisfied; and then the defendant turns round and brings his action against the sheriff for a clerical error committed by the clerk of the court. What injury has he sustained at the hands of the sheriff? certainly none. If a right ofActioa existed against any one, it was again&t the clerk who "Committed the error ; but pecuniarily the party sustained no injury. His feelings may have been somewhat hurt by having hi"s property executed, but for this the courts of the country can afford bim no redress. Had there, however been any apprehension that the money would not, when collected, been properly applied to the payment of the judgment, the defendants in the writ might have sought the remedy afforded by the statute, and had the writ quashed.
For the foregoing reasons we are of'opinion that the judgment of the circuit court ought to he affirmed.
The other judges concurring, the judgment is affirmed.