SWEENEY, ADMINISTRATOR OF MAGUIRE, Respondent, v. MINES, Appellant.

1. A complaint under the statute (R. C. 1855, p. 1016, § 33,) sufficient, although it may not appear by it from whom the defendant rented the premises, or who was his landlord, or to whom he owed the debt or rent.
2. There is nothing in that section which limits the remedy therein given to leases of a fixed or determinate duration.

*Appeal from St. Louis Land Court.*

The facts appear in the opinion of the court.

*H. N. Hart,* for appellant.

I. It will be noticed by the court that it does not appear in and by said complaint from whom defendant rented the premises, or who was his landlord, or to whom he owed the debt or rent. The objection that the complaint does not state facts sufficient to entitle the party to the relief he asks, is not waived by a failure to take same by demurrer or answer. (Andrews v. Lynch, 27 Mo. 167.) That the statute requires the complainant to state of whom defendant rents or to whom the rent is due. (R. C. 1855, p. 1016, § 33.) The statute of jeofails does not cure, nor does the verdict, the omission of jurisdictional facts, or when no cause of action is stated. (1 Bacon Abr. 16 ; 1 Petersdorf Ab. 871 ; Winston's Exec'r v. Francisco, 2 Wash. 187 ; Chicester v. Vass, 1 Call, 83.) The case at bar is almost exactly similar to the case reported in 25 Mo. 195, Evans v. Muller. In that case this court held that the affidavit made in a proceeding under the landlord and tenant act, must state from whom

defendant leased and to whom the rent is due, otherwise the omission is fatal and is not cured by the proof. This court in that case pronounced the defect incurable and reversed the judgment of the court below, and refused to remand the cause. The decision in Evans v. Muller, 25 Mo. 195, is sustained by numerous cases in New York. That the affidavit stands as a plaint and declaration in a cause, *vide* Simpson v. Rhinelander, 20 Wend. 103. When goods of M. were taken in execution and a notice given by a landlord to the sheriff, with a view to obtain payment of rent, stated, among other things, that a certain sum was due from M. as rent for the use and occupation of certain premises which were described, " then occupied by M.; *held,* that the notice was defective for not showing that the rent was due from M. as tenant." (Camp v. McCormick, 1 Denio, 641.) A notice of rent being due given by a landlord to an officer pursuant to the revised code, p. 746, sec. 12, is in the nature of process, and should state facts enough to show that the landlord is entitled to a preference over the execution creditor. Accordingly, when the goods of R. were taken in execution, and on notice, showed, among things, that the premises on which the seizure was made " were in the occupation of R. and others," and that a specified amount was due to L., the landlord, for a balance of one year's rent of said premises, &c., but did not show R. to be tenant of L.; *held,* that the notice was defective and that the officer might disregard it. (Millard v. Robinson, 4 Hill, 604; Olcott v. Frazer, 5 Hill, 562.) The court say the sheriff can not, as against a party in interest, waive due notice or a proper affidavit. To say he may name one substantial requisite would in principle extend to all, and thus work a repeal of the statute.

II. This proceeding can not be maintained upon another objection. A lease for one month and from month to month, like any leasing under a year not determinate, is determinable by a month's notice to quit, as also a tenancy at will or by sufferance. (R. C. 1855, p. 1012, § 12, 13.) The

thirty-third section of the revised code, 1855, p. 1016, only applies to nonpayment of rent under a determinate lease, and not to the case at bar, where no notice is necessary to determine the same. The objection arises from the temporary and frail tenure of the tenant. The tenancy in this case is for one month certain, and thereafter from month to month, at the pleasure of the parties. An entry upon each succeeding month is a renewed tenancy for each month, and operates a waiver of any right to proceed under the statute for nonpayment of rent under any former monthly letting. This is a necessary construction of the provisions of the statute before referred to. Because, if the lessor at any time institute proceedings for the recovery of possession of the premises for nonpayment of rent, it must be for rent due, and after the expiration of the month in this instance. To restrain the proceeding, the remedy afforded by the statute presupposes the existing relation of landlord and tenant, which can not be in the case at bar, for no presumption of fact arises as to the continuance of the tenancy, from the fact that rent is due for the month past.

*P. B. Garesché*, for respondent.

Scott, Judge, delivered the opinion of the court.

The plaintiff Sweeney, as administrator, instituted a proceeding under the thirty-third section of the act concerning landlords and tenants, (R. C. 1855, p. 1016,) against the defendant Mines, to recover the possession of leased premises, on the ground that the rent reserved had not been paid.

The following is a copy of the complaint filed in the proceeding : " James Sweeney, administrator of the estate of Thomas Maguire, deceased, being duly sworn on his oath, says, that William Mines rents and now occupies a certain two story brick dwelling and premises belonging to the estate of said Thomas Maguire, situated between Morgan street and Franklin avenue, on the west side of Eighteenth street, in

the Seventh ward, in the city and county of St. Louis, which said building and premises was rented to said Mines on the 26th of March, 1856, for one month, and from month to month, at the rate of eight dollars per month, and the sum of forty-eight dollars, being for six months' rent, from March 26, 1856, to September 26, 1856, is now due for said rent, and the same has been demanded and payment has not been made." On the trial, there was a judgment for the landlord in the land court. The case is now here by writ of error.

The error mostly relied on is that the complaint on which the warrant was sued out is defective inasmuch as it does not appear by it from whom the defendant rented the premises, or who was his landlord, or to whom he owed the debt or rent. We are of opinion that the complaint is sufficient.

We see nothing in the section under which this proceeding was commenced which limits the remedy therein given to leases of a fixed or determinate duration.

The judgment is affirmed.