THE STATE *ex rel.* CARROLL, *Appellant*, v. DEVITT *et al.*

#### DIVISION ONE.

1. **Offices and Officers:** RETURN TO WRIT. The return of an officer is *prima facie* evidence, even in his own favor.

2. ———— : WRIT OF POSSESSION : PROTECTION TO OFFICER. A writ of possession, issued by a court having jurisdiction of the subject-matter of the action, which is fair and regular on its face, will constitute a valid protection to the officer executing it.

3. ———— : ———— : ———— : TRESPASS. An officer executing a writ of possession, who handles property so carelessly and roughly as to injure and break it, becomes a trespasser *ab initio* and his writ will afford him no protection, notwithstanding it was fair and regular on its face.

*Appeal from St. Louis City Circuit Court.*—HON. JAS. E. WITHROW, Judge.

REVERSED AND REMANDED.

*H. A. Loevy* for appellant.

(1) The transcript had not left Byron's office before Langlet tried to serve the notice of change of venue, so that Sheehan had not acquired jurisdiction of the suit when he signed the notice, and when Langlet

attempted to serve it. This state of facts being established, the law presumes its continuance until there was evidence of a change of status. Best on Presumptions, p. 119 ; 1 Greenl. Ev. [13 Ed.] secs. 41, 42, 48 ; *Mullen v. Pryor*, 12 Mo. 310 ; 2 Starkie Ev. [5 Am Ed.] 668. (2) Sheehan did not acquire jurisdiction of the case. R. S. 1879, secs. 2953, 2954 ; *Colvin v. Six*, 79 Mo. 200 ; *Barnhart v. Davis*, 30 Kan. 525. (3) If Sheehan had not acquired jurisdiction of subject-matter and suit when he issued the notice and Langlet attempted to serve it, his judgment by default and execution was void, and Devitt was a trespasser when he served the execution. *Town v. Miller*, 77 Mo. 57 ; *Melcher v. Scruggs*, 72 Mo. 406. The lack of jurisdiction did not appear on the face of the notice. But Devitt had direct and positive knowledge *aliunde* through Langlet's knowledge which makes him liable as a trespasser. Freeman on Exec., sec. 102 ; Freeman on Judg., sec. 529 ; *Melcher v. Scruggs*, 72 Mo. 406. (4) There was no evidence to identify the paper which Langlet attempted to serve as a notice of change of venue. If the paper was not such a notice his return that he did serve was clearly false. If the paper was a notice of change of venue the attempted service of the notice, which was required to be given by Revised Statutes, 1879, section 2954, was illegal, because personal service, that is, reading or delivery of copy, was necessary ; constructive service not being lawful. *Kelly v. Ryan*, 9 Mo. App. 396 ; *Heller v. Leisse*, 13 Mo. App. 182 ; R. S. 1879, sec. 2954. Service by thrusting the notice upon the person of relatrix (even if successful) was illegal and void. *Davison v. Baker*, 24 How. Pr. 39. (5) The evidence under both counts was sufficient to warrant a refusal of the demurrer to the evidence. But if there was only evidence sufficient to warrant a refusal as to either, the court committed error in giving the instruction. *Noeninger v. Vogt*, 88 Mo. 589.

*Henry Boemler* for respondents.

( 1 )  Where there is an entire absence of evidence tending to prove the material allegations of the petition, or the evidence is insufficient in law to support a verdict, an instruction in the nature of a demurrer to the evidence should be given. *Charles v. Patch*, 87 Mo. 450 ; *Morgan v. Durfee*, 69 Mo. 469 ; *Hunt v. Railroad*, 89 Mo. 607. ( 2 )  Whether there is any evidence, or what is its legal effect, are matters to be decided by the court. *Twohey v. Fruin*, 96 Mo. 104. ( 3 )  While the supreme court may determine whether there is any evidence to support a given theory, still, where there is such evidence, it has no power to review the finding of facts made by the lower court in actions at law. *Krider v. Milner*, 99 Mo. 145 ; *Rothschild v. Railroad*, 92 Mo. 91. ( 4 )  It will be presumed in the absence of anything to the contrary in the record, that the trial court placed its finding on the correct ground. *Sebree v. Patterson*, 92 Mo. 451. ( 5 )  In the absence of aught to the contrary, it will be presumed, that the clerk who issued, and the sheriff who sold, under an execution obeyed the dictates of duty and complied with the law. *Blodgett v. Perry*, 97 Mo. 263 ; *Hammond v. Gordon*, 93 Mo. 223 ; *Eads v. Stephens*, 63 Mo. 90 ; *State ex rel. v. Maston*, 103 Mo. 508. ( 6 )  There can rightfully be but one recovery for the same wrong, and a statement of the same facts will not support a recovery upon two counts of the petition. *Spurlock v. Railroad*, 93 Mo. 530.

SHERWOOD, P. J.—Action on constable's bond ; two counts in the petition, the first count based on an alleged trespass ; the second for an alleged false return.

The court below at the close of plaintiff's case gave an instruction in the nature of a demurrer to the evidence, whereupon a nonsuit, with an ineffectual endeavor to set the same aside, hence this appeal. These counts will be discussed in inverse order.

The State ex rel. Carroll v. Devitt.

I. The return of the constable was *prima facie* true in this action against him charging that his return upon the notice was false, which notice was issued by Sheehan, the justice to whom the cause was transferred on affidavit made by relatrix, in order to change the venue from Byron, justice, before whom the action for possession was brought by Staed Bros. Even in his own favor the return of an officer is *prima facie* evidence. Crocker on Sheriffs, sec. 45; *Burgert v. Borchert*, 59 Mo. 80. Besides, the testimony of the relatrix virtually shows that she was duly served with the notice in question. No error was, therefore, committed in sustaining the demurrer to the evidence on this count.

II. Now as to the count in trespass, Sheehan, the justice of the peace, undoubtedly had jurisdiction over the subject-matter of the action, brought by Staed Bros., and the writ which he issued to the constable was undoubtedly fair on its face. This being the case, the writ constituted a valid protection to the officer. Murfree on Sheriffs, secs. 1127, 1128, 877, 926 ; *Melcher v. Scruggs*, 72 Mo. 406.

III. But notwithstanding the writ of possession was fair and regular on its face, yet this does not and could not authorize the constable, or those acting under his orders, to do as Mrs. Lizzie Buda testified they did do, to-wit, "handled the furniture very carelessly and roughly and broke some of it." No writ, however valid or regular on its face, will sanction anything of this sort. An officer who misuses property in such a way as stated becomes a trespasser *ab initio*, and his writ affords him no protection. Cooley on Torts [ 2 Ed.] 541.

As to the count in trespass, therefore, the action of the lower court was erroneous, as there was some evidence to sustain that count. Judgment reversed and cause remanded. All concur.