STATE ex rel. EUGENE CLEMENT, Appellant, v. DAN RAINEY et al., Respondents.

St. Louis Court of Appeals, March 3, 1903.

1. **Return of Constable:** RECITALS IN RETURN ONLY PRIMA FACIE TRUE. The recitals in the return of a constable that he returned it by the direction of the plaintiff and his attorney, in order that another execution might be issued, is only prima facie evidence of the truth of that fact in an action against the constable on his bond.

2. ———: EVIDENCE: JURY: INSTRUCTION: PRACTICE, TRIAL. And as evidence in the case at bar was introduced to contradict the return of the constable, it was for the jury to determine, under appropriate instructions, whether or not the second execution was returned by the order of plaintiff or his attorney, so as to estop the plaintiff from recovering damages on account of the constable's refusal to serve the execution.

3. **Landlord and Tenant:** RENT: REMEDY: POSSESSION: ATTACHMENT: STATUTORY CONSTRUCTION. A landlord to whom rent is owing may bring an attachment for his rent by virtue of section 4123, Revised Statutes 1899, or he may bring an action to recover possession of the premises and the amount of the rent due by virtue of section 4131, Revised Statutes 1899. If he sues on the latter section, service of the summons need not be made more than five days before the return thereof (section 4132, Revised Statutes 1899), but if he proceeds on the attachment section, the summons must be served ten days before its return (section 4124, Revised Statutes 1899).

4. Judgment: IRREGULARITIES IN: PROCESS: DUTY OF CON-
STABLE IN SERVING PROCESS. Irregularities in the judgment
or the proceedings anterior thereto, will not excuse the constable's
delinquency in serving said execution, if the process was not void.

5. ——— : ——— : JURISDICTION OF COURTS: DUTY OF OF-
FICERS RECEIVING WRITS. Officers having writs must, of
course, take notice of the jurisdiction of courts, for if a writ is
placed in the hands of an officer which the court had no authority to
issue in any circumstance, it will not protect the officer in making
a levy.

6. Justices' Courts: JURISDICTION. In the case at bar, the
justice of the peace had jurisdiction of the subject-matter of the
action for rent and the possession, instituted against the defendant
and it was the duty of the constable to fully execute the execution
placed in his hands, which afforded him protection against any ac-
tion for damages which the defendant in the execution might have
brought.

7. Courts: JURISDICTION OF SUBJECT-MATTER.: PROTECTION
OF OFFICER. When the court which issues a process has ju-
risdiction of the subject-matter of the action and the process is fair
on its face, it and not the judgment constitutes the officer's protec-
tion, who is not bound to look behind his writ.

Appeal from Greene Circuit Court. — *Hon. J. T.
Neville*, Judge.

REVERSED AND REMANDED.

*A. F. Butts* and *G. G. Lydy* for appellant.

(1) If the execution is fair on its face and comes
from a court having jurisdiction of the subject-mat-
ter it is the duty of the constable to serve the same.
Turner v. Franklin, 29 Mo. 285, 287-8; Merchant
v. Bothwell, 60 Mo. App. 341, 348-9; Mechem's Pub-
lic Officers, secs. 745, 768; Cooley on Torts (1 Ed.),
pp. 449, 464; American and English Ency. Law (1 Ed.),
p. 530. (2) That judgment is a finality. It is not open
to collateral attack by defendant in this case, and its
regularity can not be called in question. For this rea-
son the court erred in sustaining defendant's demurrer
to the evidence. State to use v. Miller, 48 Mo. 251;
Winningham v. Trueblood, 149 Mo. 572.

*Allen & Rathbun* and *Patterson & Patterson* for respondents.

Under sections 4136, 4137 and 4138, the plaintiff could not even recover rent, but could sue for possession only. Winkelmeir v. Katzenburger, 77 Mo. App. 117. The judgment of the justice, if it rises to the dignity of a judgment, was based upon a statement which does not bring the plaintiff, Clement, within the terms of the statute either as landlord or purchaser, gave the justice no jurisdiction, and, hence, may be attacked collaterally because void. Sutton v. Cole, 155 Mo. 206.

GOODE, J.—The relator, Clement, instituted this action against the defendant, Rainey, as constable of Campbell township, Greene county, Missouri, to recover damages on account of the failure of said Rainey to serve two executions issued by S. Brooksbank, a justice of the peace of said township, on a judgment obtained by Clement against A. D. Galbraith for the rent of certain premises and the possession of the same.

The petition is in four counts, the first of which prays damages for the failure to serve the first execution issued on said judgment on November 15, 1901, by placing the relator in possession of the premises. The second count pleads certain special damages alleged to have been caused by the constable's default in refusing to serve the said first execution, said damages being entailed by Galbraith allowing horses and stock to destroy vines and fruit trees on the premises after the refusal of the constable to serve said execution; also damages caused by relator having to remove some lumber from said premises and store it elsewhere. The third count asked for damages for the refusal of the constable to serve an alias execution issued on said judgment on November 30, 1901, by

putting relator in possession of the premises described in the execution. The fourth count prays special damages similar to those prayed for in the second count as caused by the refusal of Rainey to serve the alias execution.

The answer, after admitting the election of Rainey as constable and the execution of the bond sued on, and also that Brooksbank was a qualified and acting justice of the peace, states that Rainey by his deputy, W. W. Dillard, collected and paid over to A. F. Butts, the attorney for relator in the case against Galbraith, the full amount of the debt and costs for which judgment was rendered in said case; further, that Rainey was instructed by said attorney Butts not to make restitution of the real estate to the relator within five days after the issuance of the execution, but was directed by said attorney to return the execution at the end of five days; that said first execution as originally issued commanded the constable to make return thereof within five days after its date; that after it was returned to the justice, it was altered by said attorney so as to be returnable ninety days after its date instead of five; that by reason of the direction of the relator's attorney to the constable to return said execution and not put relator in possession of the property, the latter was estopped to claim damages on account of the failure of defendant Rainey to serve said execution.

The answer further states that Rainey was instructed and directed by said attorney Butts, to make return of the alias execution issued November 30, 1901, in order that justice Brooksbank might issue another execution in the case against Galbraith to be directed to J. D. Stokes, constable of North Campbell township where the real estate was situate and in which Galbraith was a resident, said attorney Butts representing to Rainey that Clement would release him (said Rainey) from all liability in the premises; that by reason thereof relator ought not to be permitted to

recover damages for not being placed in possession of said real estate.

At the conclusion of the evidence for the appellant the circuit court gave an instruction to the jury that plaintiff was not entitled to recover and that they should find the issues for the defendants.

That ruling is sought to be sustained on two grounds: First, that the justice had no jurisdiction nor authority to render a judgment in the action instituted by Clement against Galbraith for possession of the premises. Second, that Butts as attorney for Clement had authority to direct the constable to return the executions without making restitution of the property occupied by Galbraith to Clement; that he gave Rainey that direction, in obedience to which Rainey returned the executions without serving them so far as putting Clement in possession of the disputed premises is concerned.

In determining the force of the first position, it is necessary to notice the proceedings before the justice of the peace, Brooksbank, in the case of Clement against Galbraith. That case originated with the filing of the following complaint:

"State of Missouri, County of Greene, ss.: Eugene Clement, being duly sworn, on his oath says that A. D. Galbraith now occupies as tenant the following premises, to-wit: The east three-fourths of the southeast quarter of northeast quarter and the west 22 acres of the northeast quarter of northeast quarter of section 17, township 29, range 22 west, containing fifty acres, more or less, in the county of Greene in said county and State, which said above described real estate was rented to said A. D. Galbraith on the 11th day of February, A. D. 1901, for the term of one year at the rate of $200.99 per year; and that the sum of $103.32 is now due to Eugene Clement for said rent; and that the same has been demanded of said A. D. Galbraith and payment has not been made; that notes were given

for the same and they are herewith filed as a part of this petition. Wherefore plaintiff asks for judgment for $103.32 and possession of the premises.

"Subscribed and sworn to before me this 29th day of October, 1901. . "EUGENE CLEMENT.,

"S. Brooksbank, Justice of the Peace.

"Filed the 30th day of October, 1901.

"S. BROOKSBANK, J. P."

To the complaint were attached four promissory notes for $8.33 each, all dated February 11, 1901, and falling due on the eleventh days of July, August, September and October, of that year, payable to the order of M. R. Hipes, expressed to be for value received, and bearing eight per cent interest when due. These notes were each indorsed by Hipes the payee.

Along with the complaint Clement filed an attachment affidavit, stating that the rent was due and unpaid, and that Galbraith was disposing of the crop so as to endanger the collection of the rent, and also an attachment bond with two sureties in double the amount of the rent sued for, binding him (Clement) and his sureties to indemnify Galbraith if it appeared the attachment had been wrongfully obtained. R. S. 1899, sec. 4123.

Thereupon the justice issued a writ of attachment to Rainey the constable, commanding him to attach Galbraith by all and singular his goods, chattels. and effects, or so much thereof as would be sufficient to satisfy the sum of $103.32 and to summon Galbraith to appear before said justice on November 11, 1901, to answer the complaint of Clement, wherein he demanded $103.32 for rent and possession of the real estate described in the statement.

The constable's return on this writ recites that he served the same October 30, 1901, by attaching certain grain raised on the premises and reading the writ to and in the presence of J. D. Galbraith.

Galbraith did not appear and the following judgment was rendered against him by default:

"Now on this 11th day of November, 1901, this cause comes on to be heard. Plaintiff appears. Defendant comes not and the justice after waiting over three hours to two o'clock p. m., for the defendant to appear, takes up this case and finds from the evidence that the defendant at the time this suit was brought was indebted to the plaintiff in the sum of $103.32 for rent to November 1, 1901; that said amount was demanded of the defendant before bringing suit; that said rent was due and unpaid; that the defendant was disposing of the crop grown on the premises so as to endanger, hinder and delay the plaintiff in the collection of his rent; that seventy dollars have been paid since this suit was brought; that the amount now due is thirty-three dollars and thirty-two cents for rent of the following described real estate situated in the county of Greene and State of Missouri, viz.: The east three-fourths of the southeast quarter of northeast quarter and the west 22 acres of the northeast quarter of northeast quarter of section seventeen, township twenty-nine, range twenty-two west, containing fifty acres more or less, to November 1, 1901, and that the rents and profits are worth $8.33 per month.

"It is therefore considered by the justice that the attachment of the plaintiff be sustained against the defendant, A. D. Galbraith, and that the plaintiff have and recover of the defendant the sum of thirty-three dollars and thirty-two cents, to bear interest at eight per cent from this date till paid and that he recover possession of the premises above described and that execution issue therefor.

"Given under my hand this 11th day of November, 1901.        "S. BROOKSBANK, J. P."

On November 12th an execution was issued which was returned November 22, 1901, the return reciting the collection of the full amount of the debt and costs

for which judgment was rendered, the payment of the amount of the judgment to plaintiff's attorney, A. F. Butts, and that restitution of the premises had not been made for the reason that plaintiff's attorney extended the time beyond five days from the date of the execution. Said first execution shows on its face that it was returnable within ninety days from its date; but Butts, the attorney for Clement, swore that he originally wrote it so as to be returnable in five days, but discovering afterwards that an execution could not be made returnable in five days, changed it to ninety days with the knowledge and approval of the justice.

The testimony tends to prove the constable refused to evict Galbraith from possession of the premises by warrant of this execution on the ground that it was extended beyond five days after its issue; that Butts did not insist on an eviction within five days, but did thereafter insist on an eviction. However, the testimony shows conclusively that service of this writ, so far as putting Clement in possession of the premises was concerned, was waived by an agreement made between Butts and Rainey that it should be returned and an alias issued. Butts swears he made this agreement in good faith on Rainey's promise that he would immediately serve the second execution. Be that as it may, this execution was returned by the direction of Butts, and he had authority to order the return; so no cause of action was shown on the first and second counts of the petition. Davis v. McCann, 143 Mo. 172.

The second execution was issued, as stated, November 30, 1901, and was returned on the nineteenth of December following, the return reciting that it was made by the direction of plaintiff and his attorney, Butts, in order that an execution might issue to constable Stokes of North Campbell township, the property described lying and the defendant residing in said township. Said execution reads as follows:

Vol 99 app—15

"State of Missouri, County of Greene, ss.: Eugene Clement, plaintiff, v. A. D. Galbraith, defendant. The State of Missouri, to the constable of Campbell township, greeting: Whereas, Eugene Clement on the 11th day of November, A. D. 1901, obtained judgment before the undersigned, a justice of the peace within and for the county of Greene, against A. D. Galbraith that the said Eugene Clement have restitution of the premises as in the judgment described as follows, to-wit: The east three-fourths of the southeast quarter of the northeast quarter and the west 22 acres of the northeast quarter of the northeast quarter of section seventeen, township twenty-nine, range twenty-two west, containing fifty acres more or less, and that he recover of the said A. D. Galbraith the sum of —————— dollars for his damages, and also at the rate of $8.33 per month for rents and profits from the 1st day of November, A. D. 1901, until restitution be made together with his costs.

"You are therefore commanded to take with you the power of the county, if necessary, and to cause the said A. D. Galbraith to be forthwith removed from said premises, and the said Eugene Clement have peaceful possession thereof; and that of the goods and chattels of the said A. D. Galbraith you cause to be levied the damages, rents and profits aforesaid, with the sum of $3.36 for costs and seventy-five cents for this writ, and that you return this writ with your doings thereon to the undersigned within ninety days from date hereof.

"Given under my hand at Springfield in said county, this 30th day of November, A. D. 1901.

"S. Brooksbank,
"Justice of the Peace."

RETURN.

"I hereby certify that I executed the within writ in the county of Greene on the 19th day of December,

1901, by returning the same to the justice that another execution may issue in said cause to the constable of North Campbell township (the property described in this execution being in, and the defendant residing in said North Campbell township) by direction of the plaintiff and his attorney, A. F. Butts.

"DAN RAINEY,
"Constable Campbell Township."

The evidence is that various demands were made of Rainey to serve this second writ by evicting Galbraith and putting Clement in possession, but that he refused to do so, apparently on the ground that the judgment of the justice for possession was a nullity.

As to its being returned by the direction of Clement and Butts, the evidence tends to show that after Rainey would not heed the request for service, Butts finally told him if he did not intend to serve the writ to return it and he would have an execution issued to Stokes, the constable of North Campbell township.

The evidence will not bear out the inference, or at least does not compel it, that Rainey returned this execution by the direction of Butts or Clement; but tends to prove that they insisted on his serving it and only requested him to return it in case he would not serve it, in order that they might take another step. The recital in the return of the constable that he returned it by the direction of Clement and his attorney, in order that an execution might be issued to Stokes, is only prima facie evidence of the truth of that fact in this action against the constable on his bond. State ex rel. v. Devitt, 107 Mo. 573; Sanborn v. Baker, L. Allen 526; Smith v. Emerson, 43 Penn. St. 456; Barrett v. Copeland, 18 Vt. 67; Splahn v. Gillespie, 48 Ind. 397. So far, therefore, as the evidence on this point is concerned, it was sufficient to go to the jury as to whether or not the second execution was returned by order of Clement or his attorney, so as to

estop the former from recovering damages on account of Rainey's refusal to serve it.

The main point is as to the effect of the magistrate's judgment for possession of the premises: Was that judgment a nullity and was the execution based on it void?

A landlord to whom rent is owing may bring an attachment for his rent by virtue of section 4123 of the Revised Statutes of 1899; or he may bring an action to recover  possession of the  premises and the amount of rent due by virtue of section 4131.  If he sues on the latter section, service of the summons need not be made more than five days before the return thereof.  R. S. 1899, sec. 4132.  But if he proceeds on the attachment section, the summons must be served ten days before its return; for it is provided that all attachment proceedings based on the landlord and tenant chapter shall be the same as the law provides for in ordinary suits of attachment before a justice of the peace.  R. S. 1899, sec. 4124.  In  ordinary  attachments the writs are issued and returned as in actions on common process; that is, by writ of summons.  R. S. 1899, sec. 3877.  And in an action in justices' courts on common process, the summons, unless  otherwise provided, must be served ten days before the day of appearance.  R. S. 1899, sec. 3862.  But in this case the summons was  issued  October 30th and was returnable on November 11th.  It was served on October 30th, which gave Galbraith, the defendant, more than ten days notice.

The relator in his action before the justice combined the two remedies in favor of a landlord to whom rent is owing.  He sued for rent and possession as provided in section 4131 and aided his suit by an attachment as provided in section 4123, taking care to give the defendant ten days notice.  Is the constable justifiable for refusing to comply with the execution commanding him to make  restitution of the  leased

premises to Clement, the latter having obtained judgment for possession in said action? If he is, it must be because the justice had no jurisdiction of the subject-matter of the action in which the judgment was entered. Irregularities in the judgment, or the proceedings anterior thereto, will not excuse the constable's delinquency, if the process was not void. Milburn v. State, 11 Mo. 188; Melcher v. Scruggs, 72 Mo. 406. Instead of being void on their faces, both the original and the alias executions were regular and valid.

Officers having writs must, of course, take notice of the jurisdiction of courts; for, if a writ is placed in the hands of an officer which the court had no authority to issue in any circumstances, such process will not protect the officer in making a levy. An illustrative instance is where the court had no jurisdiction of the subject-matter of the litigation which led up to the execution. Howard v. Clark, 43 Mo. 344; State to use v. Railroad, 37 Mo. 280; 1 Freeman on Executions (3 Ed.), sec. 100. The question then recurs on the magistrate's jurisdiction; and unquestionably his jurisdiction of the subject-matter of the action for rent and possession instituted against Galbraith was complete, even if we concede two remedies were irregularly and unallowably combined; which we do not decide, because the question is not necessarily involved. And, as the judgment was for possession and a writ commanding Rainey to deliver possession followed, it was the latter's duty to fully execute the writ, which afforded him protection against any action for damages for the eviction Galbraith might have brought. State ex rel. v. Devitt, 107 Mo. 573; Higdon v. Conway, 12 Mo. 295; Brown v. Henderson, 1 Mo. 134; Menhart v. Bothwell, 60 Mo. App. (K. C.) 341.

The adequacy of the statement filed before the justice is not a vital question in the present case, as the constable was only concerned with the justice's

jurisdiction, not the regularity of the proceedings; but it was a sufficient statement under section 4131. It does not aver in so many words that the relation of landlord and tenant existed between Clement and Galbraith; but it was shown that Galbraith had attorned to Clement by paying his rent and, moreover, it has been decided that it need not appear in a statement of a landlord to recover rent, from whom the tenant rented. Sweeny, Admr., v. Mines, 31 Mo. 240. Clement prayed for possession in his complaint, and as he stated facts sufficient to bring his action within the purview of section 4131, the justice, on the face of the statement, was entitled to render judgment for possession, provided payment of the rent was not made at the hearing of the cause. R. S. 1899, sec. 4133. The fact that an attachment writ was taken out based on a bond and affidavit, certainly did not deprive the justice of jurisdiction of the subject-matter nor render the mandate of the execution for restitution of the premises to Clement void.

When the court which issues a process has jurisdiction of the subject-matter of the action and the process is fair on its face, it and not the judgment constitutes the officer's protection, who is not bound to look behind his writ. Hammer v. Ballantyne, 13 Utah 342; 1 Freeman on Executions, sec. 101, and citations; also cases supra. The alias execution purported to be the outcome of an action for rent and possession, and was based on a judgment for both. No refusal to serve said execution, apparently regular and valid as it was, can be accepted, unless the magistrate was without jurisdiction of the litigation; but, as said, the magistrate had jurisdiction.

The judgment is, therefore, reversed and the cause remanded. *Bland, P. J.,* and *Reyburn, J.* concur.