OWLS  NEST,  Appellant,  v.  EVAN  HAINES, Respondent.

### Kansas City Court of Appeals, May 3, 1915.

1. **CONVERSION: Constable: Jurisdiction: Writ.** A writ of attachment was issued to a constable by a justice of the peace who had jurisdiction of the subject-matter and of attachments. The writ was regular on its face. Judgment was rendered for the plaintiff and an execution against the attached property was issued which was regular on its face. It was *held,* that the constable was protected by the writs however irregular the proceeding may have been prior to their issuance.

2. ———: ———: **Inquiry: Notice.** The only inquiry the constable need make is as to the jurisdiction of the justice of the subject-matter of such actions. And the fact that the plaintiff notified him of the prior defects does not alter the application of the law.

Appeal from Randolph Circuit Court.—*Hon. A. H. Waller,* Judge.

AFFIRMED.

*B. E. Cowherd* and *O. R. O'Bryan* for appellant.

(1)  The justice had no jurisdiction of the subject-matter for the reason that no affidavit was filed. Norman v. Horn, 36 Mo. App. 419; Hargadine v. Van Horn, 72 Mo. 370; Burnett v. McCluey, 78 Mo. 676; Bank v. Garton, 40 Mo. App. 113. (2)  The justice had no jurisdiction of the person of appellant for the reason that no process was served as provided by law. R. S. 1909, sec. 7641, 7646, 7647. (3)  Process

can only be served on corporation by delivering a copy. Reading process to an official is no service on corporation. R. S. 1909, sec. 7423. (4) An officer cannot justify his action in serving process unless the court from which it emanates had jurisdiction. Warrensburg v. Miller, 77 Mo. 56; Howard v. Clark, 43 Mo. 344; Norman v. Horn, supra.

*Hamp Rothwell, Jerry M. Jeffries* and *Norman C. Johnston* for respondent.

(1) The affidavit of attachment filed was sufficient. Gilkerson v. Knight, 71 Mo. 209; Johnson v. Gilkerson, 81 Mo. 55; R. S. 1909, sec. 2341. (2) A justice of the peace has jurisdiction to issue attachment in any case within the township, wherein the property, credits, or effects of the defendants or either of them may be found or in any adjoining township. R. S. 1909, sec. 7636; State ex rel. v. Rainey, 99 Mo. App. 229. (3) The writ of attachment cannot be collaterally attacked. Shea v. Shea, 154 Mo. 607. (4) An execution or attachment regular on its face and emanating from a court having jurisdiction of the subject-matter will justify an officer in making a levy. He is not bound to go behind the writ and inquire whether the judgment upon which it is issued is regular. Higdon v. Conway, 12 Mo. 295; State ex rel. v. Rainey, supra; Howard v. Clark 43 Mo. 344.

ELLISON, P. J.—Defendant is a constable for Salt Spring township, Randolph county, and plaintiff's action against him is for an alleged conversion of plaintiff's property. The judgment in the trial court was for the defendant,

A. F. Gill, Esq., was the magistrate for the township and, as such, issued a writ of attachment in an action of Rothwell v. The Order of Owls, Huntsville Nest. The attachment writ was regular on its face, and

was levied by defendant. Judgment was thereafter rendered against plaintiff for $100. The justice then issued an execution on this judgment, which was delivered to defendant and executed by him. This writ also was regular on its face. It is claimed by plaintiff that there were irregularities in the proceedings before the justice in the matters preceding the attachment writ, among others that there was no affidavit for attachment. There was an affidavit, but it is claimed to be void, in that, as stated by plaintiff, it was sworn to by plaintiff by "proxy," that is, by plaintiff "by his attorney."

The justice had jurisdiction of the cause of action and jurisdiction to issue attachments in such causes. The writ of attachment, as stated, was regular on its face. After the judgment was rendered an execution was issued against the attached property, and it, too, was regular on its face, so far as any material defect was concerned. In these circumstances the writs afforded complete protection to defendant. [Brown v. Henderson, 1 Mo. 87; Burton v. Sweany, 4 Mo. 2, 3; Hegdon v. Conway, 12 Mo. 295; Howard v. Clark, 43 Mo. 344; Melcher v. Scruggs, 72 Mo. 406; State ex rel. v. Devitt, 107 Mo. 573, 576; St. L. & S. F. Ry. v. Lowder, 138 Mo. 533, 536; Merchant v. Bothwell, 60 Mo. App. 341; State ex rel. v. Rainey, 99 Mo. App. 229.]

A constable's office would be a hazardous trust if he, at his peril, was compelled to determine the legality and regularity of the proceeding antedating his writ. When, in due course, a constable receives a writ, regular on its face, which he is commanded to execute, his only inquiry is, has the court issuing it jurisdiction of such cases, i. e., the subject-matter? Whether the defendant has been properly summoned and whether the papers in the cause are in legal form are frequently matters difficult to decide and the law has left their decision to the courts and not mere executive officers.

Nor do we think the fact that plaintiff notified the constable of defects in the prior proceedings affects the application of the law as above stated. We referred to the question of notice *aliunde* the writ in State ex rel. v. Rucker, 19 Mo. App. 587, without deciding it. But the law and the reason of the matter protects the officer notwithstanding he may be notified of defects in the proceedings prior to his writ. In Milburn v. Gilman, 11 Mo. 64, 68, Judge SCOTT said: "Surely if a sheriff is bound to execute erroneous process, the knowledge of the fact that it is erroneous, will be no justification for his refusal to act. This has always been so ruled, and is now incontrovertible law."

In Watson v. Watson, 9 Conn. 140, 145, the court in speaking of a constable, said, that "it became his duty, regardless of any knowledge or supposed knowledge of his own. . . . He has no portion of judicial authority, nor the means into inquiring into causes of action, contained in the writs and declarations put into his hands for service. Obedience to all precepts committed to him, to be served, is the first, second and third part of his duty; and hence, if they issue from competent authority, and with legal regularity, and so appear on their face, he is justified for every action of his, within the scope of their command."

On the same subject it was said by the Supreme Court of Oregon, that "A sheriff cannot be wiser than his process, and if the officer or tribunal by which it is issued has jurisdiction over the subject-matter, and the process is regular on its face, showing no departure from the law or defect of jurisdiction, it will afford a complete protection to the officer executing it against any prosecution therefor, and he is not affected as to this rule of protection by anything he may have heard or learned outside of the process." [Barr v. Combs, 29 Oregon 399, 401.]

And the Supreme Court of Ohio said that "We understand the rule in such a case to be, that while a

ministerial officer who has knowledge from a source other than the writ that the court or magistrate issuing it is without jurisdiction of the person against whom it is directed, is not obliged to serve it, and may decline to do so without creating a liability for his failure, he may, nevertheless, relying on its regularity, execute it according to its command, and plead it in justification of his acts in doing so." [Henline v. Reese, 54 Ohio St. 599, 605.]

The same view was expressed by Chief Justice Nelson. In speaking of the officer, he said that "I am not aware the court has ever looked beyond the process with a view to see if he was cognizant of the irregularity. The general rule is, if the justice has jurisdiction of the subject-matter, and if the process is regular upon its face, he is protected. To go beyond this, would lead to a new and troublesome issue, which would tend greatly to weaken the reasonable protection to ministerial officers. Their duties, at best, are sufficiently embarrassing and responsible; to require them to act or not, at their peril, as they may be supposed to know or not the technical regularity of the party or magistrate, seems to me an innovation upon previous cases, and against the reason and policy of the rule." [Webber v. Gay, 24 Wend. 485, 487.] To the same effect is People v. Hill, 5 Hill 440.

It seems clear that if notice of matters outside the writ is to throw the responsibility of decision whether he will obey its command, upon the officer, the rule established for his protection is practically annulled.

The judgment was manifestly for the right party and is affirmed. All concur.