LOUISE DAHL v. SEVER HALVERSON AND OTHERS.[1]

July 12, 1929.

No. 27,367.

[1]Reported in 226 N. W. 405.

*Henry Nycklemoe*, for appellant.

*N. F. Field* and *Cyrus A. Field*, for respondents.

WILSON, C. J.

Plaintiff appealed from an order denying her motion for a new trial.

On November 20, 1924, defendant Sever Halverson instituted an action in municipal court in Fergus Falls in replevin to repossess a piano then in possession of the plaintiff herein. The usual writ was issued and put in the hands of Frank Okerlund, a constable, one of the defendants herein, for service. He called to his assistance the other defendants herein, and they proceeded to plaintiff's home. They met with resistance and unusual conduct. They necessarily broke a door and took the piano by force.

In January, 1928, this action was commenced to recover $2,000 damages claimed to have resulted from defendants' conduct at the time of moving the piano. The complaint alleges that:

"The defendants so carelessly, recklessly and negligently behaved in said home of the plaintiff and so grossly misbehaved therein that they threw and shoved the chairs and furniture in plaintiff's home with such force that one of the chairs struck the plaintiff on her right leg thereby bruising the same, causing an abrasion of the

skin and a discoloration thereof so that by reason thereof plaintiff suffered pain, lameness and inconvenience."

■ Plaintiff's claim that the writ was void is grounded upon the proposition that L. 1895, p. 575, c. 229, § 23, requires the service of the writ to follow the justice court practice. G. S. 1923 (2 Mason, 1927) § 9072, states that the writ in the justice court shall be "returnable not less than six nor more than twelve days from its date." The writ was dated November 20. It was served on the 22d. It is said that the writ being dated on the 20th could not be served until the 26th and that the service was a nullity. But the writ contained a clause directing the writ to be returned "within six days." It was. The form of the writ used is provided in L. 1895, p. 575, c. 229, § 22. The summons was also as specified in § 10. They were valid. Plaintiff's contention cannot be sustained.

■ The protection of the writ was not limited to the officer but it also extended to all persons who assisted him at his request. Allen v. Corlew, 10 Kan. 70; Page v. DePuy, 40 Ill. 506; Jennings v. Carter, 3 Wend. (N. Y.) 446, 20 Am. D. 635; Robinson v. State, 93 Ga. 77, 18 S. E. 1018, 44 A. S. R. 127; Reed v. Rice, 2 J. J. Marsh (Ky.) 44, 19 Am. D. 122.

■ Assuming that the complaint states a cause of action for negligence, as plaintiff claims, and that the officer may be liable for such (Anno. 39 A. L. R. 1306; State ex rel. Carroll v. Devitt, 107 Mo. 573, 17 S. W. 900, 28 A. S. R. 440) ; yet the fact remains that the accusation is lodged against defendants because of an "act done in his [the constable's] official capacity and in virtue of his office." It is therefore barred by the statute of limitations because such actions must be commenced within three years. G. S. 1923 (2 Mason, 1927) § 9192.

■ ▪ The statute of limitations is directed to the principal officials who serve writs, but it must be construed as applying to deputies and to those who in response to duty yield to the official request for assistance.

Affirmed.