McFaddin   v.   Spencer.

JAMES McFADDIN V. WINFIELD S. SPENCER.

From the averments (in a petition for *certiorari* to a Justice's Court in Brazoria
county) it appears that the plaintiff was not heard before the Justice ; that he
did not have his day in Court ; that in fact he was not legally cited to appear.
He does not indeed deny, that he may have been cited by publication ; but
he states facts which show that such citation would have been illegal ; that
he was a resident and citizen of Smith county, and that Spencer (the plain-
tiff in the Justice's Court) was informed of the same.  The facts show a
case in which the Justice had no jurisdiction over the person of the plaintiff ;
that the judgment was in fact a nullity and might, as such, be perpetually
enjoined.

Whether the application for injunction were within the ninety days or after-
wards would not be material.

But the plaintiff has not prayed for such injunction ; he has only sought for a
*certiorari*, and that the proceedings may be revised in the District Court.
This mode of proceeding is to the advantage of Spencer (plaintiff in the Jus-
tice's Court,) as he may have his claim, if just, re-established in the District
Court, and he cannot complain that the writ was not sued out in time (within
ninety days as prescribed by Statute.)

Whether the averment of merits on the part of the plaintiff, (in his petition for
a *certiorari* to a Justice's Court,) be sufficiently specific need not be con-
sidered, as a case is made in which the judgment is void for want of juris-
diction.

Error from Brazoria.   Tried below before the Hon. James
H. Bell.

The facts are stated in the Opinion.

*P. MacGreal*, for plaintiff in error, cited Criswell v. Richten,
13 Tex. R. 18.

*Wharton & Terry*, for defendant in error.   A writ of *cer-
tiorari* could not issue after the lapse of ninety days from the

rendition of judgment, for the same reason that a writ of error could not issue after the lapse of two years from the rendition of judgment. The party's recourse would be to treat the judgment as a nullity.

HEMPHILL, CH. J. The plaintiff, McFaddin, in his petition for *certiorari*, alleges that he is a citizen of Smith county ; that a judgment was rendered against him by a Justice of the Peace in Brazoria county in favor of Winfield S. Spencer ; that the plaintiff (McFaddin) was, at the institution of the suit before the Magistrate, and long before had been, a citizen of the county of Smith ; and that Spencer knew and was informed of that fact ; that the petitioner was not served with any notice or citation of the pendency of said suit, and had no notice, information or knowledge of the same. He also alleges that he was not in any manner indebted to Spencer at the institution of, or when judgment was rendered in, said suit. There was a motion to dismiss the *certiorari* on the grounds,

1st. That McFaddin had given no bond as directed by law and the order of the Court.

2nd. That the petition was informal, uncertain and wholly insufficient in law.

The motion was sustained and the petition dismissed. The cause was brought up by writ of error.

The defendant in error, in support of the judgment, has not urged the grounds of his motion to dismiss, and, in fact, they are not tenable ; but a different ground, viz : that the plaintiff had not used due diligence, and had not obtained the writ until the lapse of more than ninety days after the judgment in the Magistrate's Court. It might perhaps admit of question whether the provision in relation to the ninety days should be enforced in all cases, without regard to distance, want of actual, though there might have been legal notice, &c. ; but waiving the discussion of this point, we are of opinion that

under the facts averred in this petition, the rule in relation to the ninety days has no proper application.

From the averments, it appears that the plaintiff was not heard before the Justice ; that he did not have his day in Court ; that in fact he was not legally cited to appear. He does not indeed deny, that he may have been cited by publication. But he states facts which show that such citation would have been illegal ; that he was a resident and citizen of Smith county, and that Spencer was informed of the same. The facts show a case in which the Justice had no jurisdiction over the person of the plaintiff ; that the judgment was in fact a nullity and might, as such, be perpetually enjoined.

Whether the application for injunction were within ninety days or afterwards, would not be material.

But the plaintiff has not prayed for such injunction ; he has only sought for a *certiorari*, and that the proceedings may be revised in the District Court. This mode of proceeding is to the advantage of Spencer, as he may have his claim if just, re-established in the District Court, and he cannot complain that the writ was not sued out in time.

In a case of this character, the plaintiffs should · not be restricted to the limits prescribed for *certiorari* where the Justice has jurisdiction, but, as alleged, has committed error and irregularities in his proceedings.

Whether the averment of merits on the part of the plaintiff be sufficiently specific need not be considered, as a case is made in which the judgment is void for want of jurisdiction. The plaintiff can very properly claim that this should be set aside independent of any question as to the justice or merits of his defences.

We are of opinion that there was error in the judgment and the same is ordered to be reversed and the cause remanded for further proceedings.

Reversed and remanded.