A. BORNSCHEIN, Respondent, *v.* J. C. FINCK ET AL., Appellants.

December 12, 1882.

1. JUDGMENTS — JUSTICES — INJUNCTION. — The execution of a void judgment of a justice of the peace will be restrained by injunction.
2. —— JURISDICTION. —A judgment of a justice rendered by default upon a summons issued in a cause of which the justice has no jurisdiction, is void.

APPEAL from the St. Louis Circuit Court, LINDLEY, J. *Affirmed.*

GOTTSCHALK & BANTZ, for the appellants : Injunction will not lie to restrain a court from doing that which on ac-

count of want of jurisdiction would be a nullity. — *Sayre*
v. *Tompkins*, 23 Mo. 443 ; *The State* v. *Railroad Co.*,
32 Mo. 496.   The petition fails to allege what defence he
has, if any, to the bill sued on. — *Smith* v. *D'Lashmutt*,
4 Mo. 103 ; *Duncan* v. *Gibson*, 45 Mo. 352.   It was de-
fendant's duty to raise the point before the justice, and
failing to do so, he cannot attack the judgment. — *Mont-
gomery* v. *Farley*, 5 Mo. 235 ; *Fulkerson* v. *Davenport*, 70
Mo. 541.

B. SCHNURMACHER, for the respondent : The justice was
without jurisdiction.   Jurisdiction must appear of record
in an action before a justice. — Rev. Stats., sect. 2839 ;
*Easton* v. *St. Charles*, 8 Mo. App. 177 ; *Allen* v. *Schar-
ringhausen*, 8 Mo. App. 229 ; *Fulkerson* v. *Davenport*, 70
Mo. 541.

LEWIS, P. J., delivered the opinion of the court.

A judgment was rendered against the present plaintiff in
favor of defendant Finck, before defendant Von Gerichten,
a justice of the peace.   An execution was issued and
placed in the hands of defendant Hruska, as constable,
who thereupon summoned C. G. Stifel as a garnishee.
The present proceeding is to restrain the defendants, by
injunction, from further attempting to enforce the judg-
ment.   The circuit court made the injunction perpetual.

There is an agreed statement of the facts, as follows :

" That, on the 13th day of September, 1880, August
Bornschein, the plaintiff, resided in the tenth justice's dis-
trict of the city of St. Louis, and John C. Finck, the de-
fendant, resided in the third justice's district ; that Jacob
Von Gerichten was a justice of the peace for the fourth dis-
trict, which adjoins the third, but not the tenth district ;
that, on said 13th day of September, Finck commenced a
suit against Bornschein in the fourth district, and summons
was thereupon issued, and served upon Bornschein in the
tenth district, where he resided.   It is also agreed that,

under a judgment by default, without appearance of Bornschein, in said suit so commenced, an execution was issued, and the constable to whom the same was delivered was proceeding to execute the same by garnishing a debtor of said Bornschein.   *   *   * ''

It is not pretended that, under the local restrictions limited in Revised Statutes, section 2839, the justice had a shadow of jurisdiction over the cause.   The forbearance of learned counsel in this particular, however, seems to disappear with their presentation of other points which we are asked seriously to consider, in justification of a manifestly frivolous appeal.

Some of the points urged for the defendants seem to underlie a general proposition that the plaintiff has suffered no injury.   It is not of the least consequence.   This action is not for damages sustained, but for the prevention of threatened injury in the future.   Objection is made that the plaintiff has not shown that he had a meritorious defence against the unauthorized suit and judgment.   It is the right of every citizen, that he shall not be proceeded against, even for a just debt, in a manner which has no sanction in the law.   We are told that the injunction was not proper, because the plaintiff had a remedy at law. The only specification of such a remedy appears in the suggestion that it would be the duty of the garnishee to plead the want of jurisdiction in the justice.   In other words, although A. may have no legal remedy for a threatened injury, yet, because B. may be protected against a different, or collateral proceeding, therefore A. shall not have injunction !   As to an action for damages, we have yet to learn that a citizen is bound to waive preventive intervention against official usurpation, and submit to the exercise of a void or forbidden authority, because, after the infliction of the wrong, he may sue the perpetrator. Counsel for the defendants say that the statutory provisions which define the local jurisdiction of justices of the peace

are directory, and not mandatory. As far as we can understand this point, it seems to be a sort of sweeping cast into the unknown depths, made without any reference to the familiar methods of discriminating between directory and mandatory laws. If the provisions referred to are not mandatory, we have none such in our statutory system.

The issue and service of the summons were absolutely void, and the plaintiff was not bound to respond before the justice, for any purpose. He could not appeal from the void judgment, because the effect would have been a waiver of its invalidity, and a submission to the appellate jurisdiction of the circuit court. *Gibbs* v. *Missouri Pacific R. Co.*, 12 Mo. App. 459. The constable could not be depended upon for protection, because he had no authority to look beyond the execution. *Howard* v. *Clark*, 43 Mo. 344. Injunction was the obvious and only remedy at the plaintiff's command. *Grass* v. *Hess*, 37 Ind. 193; *Ridgeway* v. *Bank of Tennessee*, 11 Humph. 523; *Bell* v. *Williams*, 1 Head, 229; *McFadden* v. *Spencer*, 18 Texas, 440. The judgment is affirmed. All the judges concur.