146    SUPREME COURT OF MISSOURI,

The St. Louis, Iron Mountain & Southern Ry. Co. v. Reynolds.

THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY
COMPANY, *Appellant*, v. REYNOLDS *et al.*

Jurisdiction: VOID JUDGMENT: EQUITABLE RELIEF. Where a court
has no jurisdiction all proceedings in the cause are void *ab initio*.
The judgment and execution thereon are void, and the defendant
could maintain suit against the officer selling his property under
the execution as a trespasser, and the title of the purchaser at the
execution sale would be valueless. The remedy at law is ample
and adequate in such case and equity will not interpose to enjoin
the enforcement of the judgment.

*Appeal from Butler Circuit Court.*—H. H. BEDFORD,
ESQ., Special Judge.

AFFIRMED.

This was a suit brought in the circuit court of Butler
county by the appellant to restrain by injunction the col-
lection of a judgment purporting to be rendered in favor
of the defendant, M. L. Reynolds, by a justice of the
peace of said county.

*Geo. H. Benton* for appellant.

A judgment obtained before a justice of the peace
without notice and without appearance or defence, and
void on its face, should be enjoined. High on Inj., sec.
126; *Ridgway v. Bank*, 11 Humph. 523; *Snider v.
Railroad*, 73 Mo. 465; *Wetzell v. Waters*, 18 Mo. 396;
*Roach v. Burnes*, 33 Mo. 319; 2 Story's Eq. Jur., sec.
887; *Marine Insurance Co. v. Hodgson*, 7 Cranch, 332;
*Moss v. Craft*, 10 Mo. 721; *George v. Tutt*, 36 Mo. 141;
*Price v. Johnson*, 15 Mo. 434; *Bresnehan v. Price*, 57
Mo. 422; *Damschraider v. Thias*, 51 Mo. 100.

*John G. Wear* for respondent.

SHERWOOD, J.—If the justice of the peace had acquired no jurisdiction, as the petition alleges, the railway company has no need to come into a court of equity to enjoin proceedings which are void *ab initio*. If the judgment of the justice is void, then will the execution issued thereon be void also, and equity will not interfere to do a nugatory act. The remedy of the railway is ample and adequate at law, and this prevents the interposition of a court of equity, as a suit could be maintained against the constable as a trespasser, and the purchaser's pretended title would be valueless. This is elementary law. *Sayre v. Thompkins*, 23 Mo. 443; *Deane v. Todd*, 22 Mo. 90; *Bank v. Meredith*, 44 Mo. 500; High on Inj., secs. 89, 125; 2 Story Eq. Jur., sec. 898, and cases cited.

Therefore, judgment affirmed. All concur.