THE UNITED STATES MUTUAL ACCIDENT INSURANCE
COMPANY, Appellant, v. J. P. REISINGER
et al., Respondents.

Kansas City Court of Appeals, February 2, 1891.

| 43 | 571 |
| 59 | 5 |
| 60 | 675 |
| 43 | 571 |
| 138m | 537 |
| 43 | 571 |
| 92 | 396 |

1. **Justices' Courts:** JURISDICTION CONFINED TO THE COUNTY. The jurisdiction of a justice of the peace is confined to the county wherein he may have been elected or appointed, and no justice is empowered to issue summons to be served in another county.

2. ———— : ———— : SERVICE OF PROCESS ON FOREIGN INSURANCE COMPANIES : JUDGMENT VOID. The statute relating to the service of process on foreign insurance companies does not enlarge the power of the justices of the peace, so as to authorize a justice in one county to issue summons to another ; such authority is not expressly conferred and such extended jurisdiction will not be inferred, and a judgment rendered on such summons is void.

3. **Injunction:** VOID JUDGMENT. It is well settled that an injunction will lie to restrain the execution of such void judgment.

*Appeal from the Jackson Circuit Court.*—HON. JOHN
W. HENRY, Judge.

REVERSED AND REMANDED.

*Traber, Vandeveer & McNeil,* for appellant.

(1) The judgment upon which the execution is founded is void. Justices' courts, being courts of limited and special jurisdiction, have only such powers as are expressly conferred on them by statute ; and cannot exercise any jurisdiction not conferred by statute. *Dillard v. Railroad,* 58 Mo. 69 ; *Enlow v. Newland,* 22 Mo. App. 581 ; *Williams v. Bower,* 26 Mo. 601 ; *Rohland v. Railroad,* 89 Mo. 180. There is no presumption in favor of the jurisdiction of justices' of the peace.

Such jurisdiction must appear on the face of their proceedings. *France v. Evans*, 90 Mo. 74, 77; *State v. Metzger*, 26 Mo. 65, 66; *Hansberger v. Railroad*, 43 Mo. 196, 200; *Allen v. Scharringhausen*, 8 Mo. App. 229; *Harris v. Hunt*, 97 Mo. 571, 574. (2) The justice had no authority to issue process to any constable outside of Jackson county (2 R. S. 1889, p. 1454, secs. 6125, 6126); nor is such service of process of any validity. *Bornschein v. Finck*, 13 Mo. App. 120, 123. A judgment rendered without legal service of summons is void. *Smith v. Ross & Strong*, 7 Mo. 464; *Brown v. Woody, Adm'r*, 64 Mo. 547; *Adams v. Cowles*, 95 Mo. 501. Nor can the constable be held liable where the court might have had jurisdiction over the subject. (3) The United States Accident Association was not bound to appeal from a void judgment. *Gibbs v. Railroad*, 11 Mo. App. 459; *Bornschein v. Finck*, 13 Mo. App. 123; *Attorney General v. Lord Hotham*, 1 Turn. & R. 219; *Howard v. Clark*, 43 Mo. 344, 348; *Melcher v. Scruggs*, 72 Mo. 411; *Lavacool v. Boughton*, 21 Am. Dec. 181–9. (4) Injunction is the proper remedy in this case to restrain levying the execution and to declare the summons and service thereof, and the judgment rendered thereunder, void. The general rule laid down by courts of last resort in other states as well as in Missouri is, that the enforcements of judgments recovered before a justice of the peace may be enjoined as void for want of jurisdiction when no proper service of process was had upon the defendant in the action. *Blakeslee v. Murphy*, 44 Conn. 188; *Mining Co. v. Schirmer*, 64 Ill. 106; *Nicholson v. Stephens*, 47 Ind. 185; *Caruthers v. Hartsfield*, 3 Yerg. 366; *Johnson v. Coleman*, 23 Wis. 452; *Hernandez v. James*, 23 La. Ann. 483; *Howard v. Clark, supra*. Injunction was the obvious and only remedy at the plaintiff's command. *Bornschein v. Finck*, 13 Mo. App. 120, 123; *Clarkson v. Furniture Co.*, 22 Mo. App. 110.

*L. E. Wyne*, for respondents.

(1) The judgment of the justice is valid. Laws of 1885, p. 183, sec. 1; *Stone v. Ins. Co.*, 78 Mo. 655; R. S. 1889, p. 1454, sec. 6126; R. S. 1889, p. 826, sec. 3318. (2) The appellant company had an adequate remedy at law. It could have filed a motion to quash the execution. It had also recourse against the constable if the execution was void. *Railroad v. Reynolds*, 89 Mo. 146; *Stockton v. Ransom*, 60 Mo. 535. (3) Injunction will not lie to restrain a void execution. *Railroad v. Reynolds, supra; Stockton v. Ransom, supra; Bear v. Youngman*, 19 Mo. App. 41.

GILL, J.—The plaintiff is a foreign insurance company, and at the dates hereinafter mentioned was doing business in this state. On January 11, 1889, defendant Reisinger brought suit against the plaintiff insurance company, before a justice of the peace at Kansas City. A summons was issued by the justice and sent to St. Louis, and there served on the superintendent of the insurance department of the state of Missouri. Defendant in that suit (plaintiff in this) failing to appear before the Jackson county justice, judgment by default was entered, execution was issued, and plaintiff brought this suit asking that proceedings on the justice's judgment be enjoined, and that said judgment be declared null and void, etc. The circuit court gave judgment in defendant's favor and dismissed the suit, whereupon plaintiff appealed to this court.

I. The question is one of jurisdiction, whether or not, under the law as it existed when the action was brought before the justice, a suit could be commenced before a justice of the peace against a foreign insurance company, summons issued to, and served in, another county wherein the superintendent of the insurance department may reside. Or, as applied to this controversy, did the Jackson county justice have any legal

authority to issue a summons to St. Louis county, there to be served on the said foreign insurance company.   We think not; and in sustaining a judgment of the justice rendered under such circumstances, the trial court, in our opinion, committed error.  The jurisdiction of the justice is limited, territorially, to the county wherein "he shall be elected or appointed."   R. S. 1879, sec. 2838.

And, further, "every action, cognizable before a justice of the peace, shall be brought before some justice of the township, either, *first*, where the defendants, or one of them, resides, or in any adjoining township ; or, *second*, where the plaintiff resides and the defendants, or one of them, may be found; *third*, if the defendant is a non-resident of the county in which the plaintiff resides, the action may be brought before some justice of any township in such county where the defendant may be found; *fourth*, if the defendant in any action is a non-resident of the state   *   *   *   the action may be brought before any justice in any county in this state wherein the defendant may be found."   This section is followed by some other provisions relating to attachment suits, etc., and the articles pertaining to jurisdiction of justices of the peace then closes with section 2843, to this effect :  "Nothing contained in this chapter shall be so construed as to give justices of the peace or constables jurisdiction outside of their respective counties."   The sections, too, of the articles following the foregoing, relating to summons, how issued and by whom to be served, as well as the form of the same, all show how carefully the jurisdiction of the justice is limited to his county.   R. S. 1879, secs. 2858–2860.   Manifestly then, under the general provisions of the statute defining the jurisdiction of justices of the peace, such jurisdiction is confined to the county wherein the justice may have been elected or appointed, and no justice is empowered to issue summons to be served in another county.

Now, the question is, did the act of the legislature, approved March 24, 1885 ( Laws, 1885, p. 184 ) extend that jurisdiction, and authorize the justice in one county to issue summons to be served in another county? That act provides, in effect, that every foreign insurance company doing business in this state shall, by proper instrument in writing, filed with the superintendent of the insurance department, designate such superintendent as its agent to receive and accept service of process, and upon whom process may be served for and in behalf of such company, in any court of this state, * * * and consenting that service of process upon said superintendent shall be held as valid as if served upon the company, * * * and shall be valid and binding and be deemed personal service upon such company, etc. The purpose of this statute was clearly to fix upon some definite individual residing in this state who should personate the foreign insurance company in the matter of suits brought against it. This United States Mutual Accident Association had so designated the state superintendent of insurance, and service of process on that individual was the same, and no more, as if served on the company. This is the "sum and substance" of that act in so far as this case is concerned. This company then was present in this state in the person of the superintendent of insurance. He resided and was found in St. Louis. If it was desired to bring suit in a justice's court against a party whose residence was, or who could be only found, in St. Louis county, then clearly the action must be brought in St. Louis county. Sec. 2839, *supra*. Or, if the party to be sued was a non-resident of the state the action could only be brought before a justice of the county where such defendant may be found. See fourth subdivision of said section. The jurisdiction of justices' courts is limited in extent by the statute. They can exercise no jurisdiction beyond such express limits. Such jurisdiction cannot be enlarged or extended by mere implication.

It is conferred by express statute, and can only be so extended. *Dillard v. Railroad*, 58 Mo. 70. Our conclusion, then, is that the foregoing statute relating to service of process on foreign insurance companies did not enlarge the powers of the justice of the peace, so as to authorize a justice in one county to issue summons to another. Such authority is not expressly conferred, and such extended jurisdiction will not be inferred. A more liberal indulgence will be awarded to courts of general jurisdiction, as was done in the case of *Stone v. Ins. Co.*, 78 Mo. 655. But even in that case the court gave prominence to the fact that, as the defendant was a non-resident, suit might have been brought in any county. It will be observed that the statute, designating the place where the suits shall be brought ( when begun in the circuit or other courts of general jurisdiction ), is quite different from that used in the justices' act. In the former, if the defendant is a non-resident, suits may be brought in *any county* of the state, by section 3481, Revised Statutes, 1879 ; while, in actions before justices, suits against non-residents may be brought not in *any* county of the state, but " may be brought, only, before any justice in any county in this state *wherein the defendant may be found*." R. S. 1879, sec. 2839.

From the foregoing considerations, then, we conclude that the judgment of the Jackson county justice in the case of Reisinger *v.* United States Mutual Accident Association was rendered without jurisdiction and was void. And it is well settled that injunction will lie to restrain the execution of such void judgment. *Bornschein v. Finck*, 13 Mo. App. 120.

The judgment, therefore, of the circuit court will be reversed and the cause remanded to be proceeded with according to this opinion. The other judges concur.