THE STATE *ex rel.* WALNUT STREET RAILWAY COMPANY
v. NEVILLE, *Special Judge.*

### Division One, May 23, 1892.

1. **Mandamus:** PRACTICE. A motion for a peremptory *mandamus,* after return to the alternative writ, is in the nature of a demurrer, and admits all the facts well pleaded in the return.

2. **Condemnation Proceedings:** JUDICIAL POWER. Proceedings to condemn property to public use involve the exercise of judicial power.

3. ———: JURISDICTION. Jurisdiction of the subject-matter is the power to hear and determine cases of the general class to which the proceeding in question belongs.

4. ———: REFUSAL TO APPOINT COMMISSIONERS: MANDAMUS. Where the trial court heard a petition for appointment of commissioners in a condemnation case, but refused it, on the ground that it had no power to make the appointment, *mandamus* will not lie to reverse that ruling.

5. **Mandamus:** JUDICIAL OFFICERS. The functions of *mandamus* to judicial officers discussed.

### *Mandamus.*

WRIT DENIED.

*J. R. Vaughan* and *James Baker* for relator.

(1) *Mandamus* will lie to compel the appointment of commissioners in condemnation proceedings, and a refusal to entertain jurisdiction, and the dismissal of the proceedings is a reason why the writ should be granted rather than an excuse for not granting it. 97 Mo. 331–342; 28 Mo. 259; 96 U. S. 369; 11 U. S. 796; 120 U. S. 737; 71 Mo. 170; 76 Mo. 605; 73 Mo. 560; 75 Mo. 358; 46 Mo. 83. An appeal or writ of error is not an adequate remedy in condemnation

proceeding. Public interest and the nature of the proceeding requires that it should be summary; hence, the legislature has provided this summary method. To be driven to appeal when no commissioners have been appointed, is a virtual denial of the right claimed, and might render it impracticable to construct public works. (2) The council of the city of Springfield by ordinance conferred upon plaintiff full and specific power to appropriate the joint use of the railroad in question.

*B. U. Massey* for respondent.

(1) The question of jurisdiction was properly raised on demurrer to the petition, and relators have ample remedy by the ordinary course of appeal or writ of error, and, hence, *mandamus* will not lie. R. S. 1889, sec. 2043; *State ex rel. Boeckler v. Thayer*, 10 Mo. App. 540; *Railroad v. Campbell, Nelson & Co.*, 62 Mo. 588; *Railroad v. Railroad*, 94 Mo. 543; *Mastin v. Sloan*, 98 Mo. 252. (2) Even should it be held that the power to authorize one street railway company to run its cars over the tracks of another is vested in the city of Springfield, still no power or authority is given by law or ordinance to ascertain the compensation to be paid for the use of such track in the manner here attempted.

BARCLAY, J.—This is an original proceeding, on the relation of the Walnut Street Railway Company, seeking a peremptory *mandamus* to defendant, as special judge of the circuit court of Greene county, to require him to appoint commissioners in a certain proceeding in that court for the condemnation of property to public use. The facts on which our conclusion rests are mutually admitted.

The relator and the Metropolitan Electric Railway Company are the owners of separate lines of street railway in Springfield, Missouri. The former desires to extend its line to the public square; and, in so doing, to acquire, by condemnation, the right to pass along the tracks of the Metropolitan Railway Company for a distance of some four hundred feet, under authority of city ordinances to that effect.

In furtherance of that purpose the relator, on November 7, 1891, presented to the circuit court of Greene county its petition, setting forth in detail the authority under which it claimed the right referred to; that the acquisition of the joint use of said track, as proposed, was indispensably necessary to plaintiff; that the proposed road was for public use; that plaintiff had made, without avail, an effort to agree upon a proper compensation for such joint use of the said track, etc., and praying said court to appoint three disinterested commissioners to assess the damages which said Metropolitan Railway Company might sustain in consequence of the establishment and maintenance of said railroad by plaintiff as described, and for a judgment of condemnation for said joint use as aforesaid.

To the petition above outlined, the Metropolitan Railway Company appeared and objected, a hearing followed, and, December 10, 1891, the court "did find and hold the law to be that said court had no power to appoint the commissioners prayed for," and "did deny said application to appoint" them, and "did then and there dismiss the said petition" at plaintiff's costs.

Afterwards plaintiff filed a motion for a new trial, alleging error in the court's said rulings; which being overruled, it obtained leave to file a bill of exceptions within sixty days.

Then followed the present application for a *mandamus* as first above noted.

An alternative writ was issued by Chief Justice SHERWOOD, in vacation, to which return was duly made in court at the appointed time, whereupon relator moved for a peremptory writ.

I. Such motion is in the nature of a demurrer to the return, and admits as true all facts sufficiently pleaded in the latter.

II. Proceedings to subject property to public use in this state involve the exercise of judicial power, as is manifest from the express language of our organic law (Const. 1875, art. 11, sec. 20, and art. 12, sec. 4) no less than from prior decisions to that effect. *Thompson v. Chicago, etc., Co.* (1892), 19 S. W. Rep. 77; *Plum v. Kansas City* (1890), 101 Mo. 531.

The circuit court of Greene county had power to hear and determine proceedings of the general class to which plaintiff's application belonged, namely, proceedings for the condemnation of property to public use. Hence, it had jurisdiction of the subject-matter of that application. *Rosenheim v. Hartsock* (1886), 90 Mo. 365.

The question whether or not the facts presented were sufficient to authorize the court to exercise its jurisdiction favorably to plaintiff, by appointing the commissioners as prayed, was a judicial question to be determined by that court in the first instance, subject to the right of review.

The trial court did not refuse to entertain the application. On the contrary it acted on the issue presented, though it did not act in the manner prayed by the petitioner. It denied the application, but a full hearing thereof was had, upon which the court adjudged that, upon the showing submitted, it had no power to

make the desired appointment of commissioners. It consequently entered a formal judgment dismissing the petition, discharging defendant without day, and for the recovery of costs against the plaintiff.

The judgment was obviously a final one from which an appeal would lie. It may or may not have been correct, but with that matter we have no present concern. The court determined judicially the issue presented, and, if it erred, the remedy lay in well-known methods provided for correcting judicial error.

Where a court is invested with power to determine an issue of law upon a given state of facts, according to its judgment thereof, it cannot rightly be compelled by *mandamus* to substitute the opinion of another tribunal on that issue for its own. It is the nature of the jurisdiction with which the court is invested, rather than a consideration whether its exercise of that jurisdiction is or is not subject to review, that controls the decision of the point before us.

It certainly is no part of the functions of the writ of *mandamus* to coerce a particular finding by a judicial officer, or to serve as a prompt substitute for a writ of error by rectifying an erroneous judgment. It was so held by this court in refusing a *mandamus*, where the Kansas City court of appeals had dismissed an appeal, because the judgment on which it rested was, in its opinion, not a final one. *State ex rel. Hyatt v. Smith* (1891), 105 Mo. 6.

It would, no doubt, be convenient to litigants, in cases of urgency and hardship, to invoke a swift *mandamus* to avoid the delays incident to reviewing judgments in the ordinary way by appeal or writ of error; but those delays have never been held to constitute, of themselves, such an inadequacy in the relief as justifies the application of the extraordinary remedy.

The foregoing considerations are decisive of the case without discussing any other questions suggested by the facts in judgment.

A peremptory *mandamus* is denied. Chief Justice SHERWOOD and BLACK and BRACE, JJ., concur.