ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY, Appellant, v. G. W. LOWDER *et al.*, Respondents.

St. Louis Court of Appeals, October 1, 1894.

Injunctions: LEVY OF PROCESS UNDER VOID JUDGMENT. Equity will not enjoin the enforcement of a levy on personalty of an execution issued on a void judgment, the remedy at law being adequate in such a case.

*Appeal from the Barry Circuit Court.*—HON. J. C. LAMSON, Judge.

AFFIRMED AND CERTIFIED TO THE SUPREME COURT.

*L. F. Parker* for appellant.

*H. C. Pepper* and *A. V. Darroch* for respondents.

BIGGS, J.—This is a bill in equity to enjoin the collection of a judgment. The petition alleges that J. F. Bedford, a justice of the peace of Barry county, rendered a judgment against the plaintiff and in favor of W. A. Howell, one of the defendants; that the

judgment was rendered without the service of process. on the plaintiff; that an execution had been issued on the judgment, and. that the defendant Lowder, who is the constable of the township where the judgment was rendered, had seized under said execution, and was then about to sell, a car which was the property of the plaintiff. A temporary injunction was granted. On the hearing the circuit court sustained a general demurrer to the bill, and, the plaintiff having refused to plead further, the proceeding was dismissed, and on motion of the defendants there was an assessment of damages.

Will a court of equity enjoin the levy of an execution issued on a void judgment of a justice of the peace, is the only question presented by this record. On this question the reported cases in this state can not be reconciled.

This court first passed on the question in the case of *Bornschein v. Finck*, 13 Mo. App. 120. There the jurisdiction was upheld on the ground that the defendant in such a judgment had no adequate remedy at law.

Prior to this the supreme court, in a case involving the same principle, reached the contrary conclusion. *Stockton v. Ransom*, 60 Mo. 535. There the plaintiff sought to enjoin the sale of personal property under an execution issued on a void judgment. The pretended judgment was rendered by the probate court. The supreme court held that, so far as the facts appeared, the plaintiff's remedy at law was ample and adequate.

The next case in chronological order is that of *Bear v. Youngman*, decided by the Kansas City court of appeals (19 Mo. App. 41). There the plaintiff sought to enjoin the sale of his goods under an execution issued upon a void judgment rendered by a justice. The plaintiff claimed that the judgment was void because it was rendered on Thanksgiving day. Judge

Hall, who delivered the opinion of the court, held, *first*, that the judgment was valid, and, *secondly*, that injunction was not the proper remedy even though the judgment was void, as claimed. The same court in a subsequent case (*United States, etc., Ins. Co. v. Reisinger*, 43 Mo. App. 571), decided to the contrary.

The last case on the subject is that of the *St. Louis, Iron Mountain and Southern R'y Co. v. Reynolds*, 89 Mo. 146. There the judgment of the justice was obtained without notice. Execution was issued, and the plaintiff sought to enjoin its enforcement. Judge SHERWOOD, who rendered the opinion of the court, said: "If the judgment of the justice is void, then will the execution issued thereon be void also, and equity will not interfere to do a nugatory act. The remedy of the railway is ample and adequate at law, and this prevents the interposition of a court of equity, as a suit could be maintained against the constable as a trespasser, and the purchaser's pretended title would be valueless. This is elementary law. *Sayre v. Thompkins*, 23 Mo. 443; *Deane v. Todd*, 22 Mo. 90; *Bank v. Meredith*, 44 Mo. 500; High on Inj., secs. 89, 125; 2 Story, Eq. Jur., sec. 898, and cases cited." This decision seems to be decisive of the present case. We only wish to suggest, in this connection, that the decision of the supreme court in reference to the liability of the constable as a trespasser seems to be opposed to a former decision of the same court in the case of *Howard v. Clark*, 43 Mo. 344. There it is decided that, if the process is regular on its face, a constable need only look to the jurisdiction of the court over the subject-matter of the action; that if the court rendering the judgment had such jurisdiction, and it had only failed to obtain jurisdiction of the person of the defendant in the action, the officer would be protected. To the same effect is *Melcher v. Scruggs*, 72 Mo. 406; *Miller v.*

*Brown*, 3 Mo. 127; *Higdon v. Conway*, 12 Mo. 295.
We also suggest that there is a conflict between the
decisions cited by the supreme court in support of the
main question, and those of a later date which treat of
analogous questions. *Overall v. Ruenzi*, 67 Mo. 203;
*St. Louis, etc., R'y Co., v. Apperson*, 97 Mo. 300; *Valle
v. Ziegler*, 84 Mo. 214. If we follow the decision of the
supreme court in the *Reynolds case, supra,* which seems
to be directly in point, we must affirm the judgment; if,
on the other hand, we follow the analogies of the later de-
cisions of the supreme court, we are bound to reverse it.
Under these circumstances we have some doubt which is
the latest controlling decision of the supreme court. As
our decision in either event is bound to be opposed to
some decision of the supreme court, we have concluded
to affirm the judgment on the ground that the *Reynolds
case* is literally in point and binding upon us, and to
certify the case to the supreme court because the judg-
ment is opposed to the unavoidable deductions to be
made from its later decisions, and hence opposed to
them.