CHARLES P. FINK, Respondent, v. THE LANCASHIRE INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, January 29, 1895.

1. **Insurance** : JURISDICTION OF LOUISIANA COURT OF COMMON PLEAS. Under the provisions of section 5912 of the Revised Statutes of 1889, the Louisiana Court of Common Pleas may obtain jurisdiction in an action against a foreign insurance company by service on the superintendent of the insurance department.

2. **Insurance, Fire:** PROOFS OF LOSS. The provisions of a policy of fire insurance for a certificate of the nearest magistrate or notary must be complied with, unless the right thereto has been waived.

3. ———: ———: WAIVER. Such waiver may be made after the lapse of the stipulated time for the delivery of proofs of loss, and need not combine the elements of estoppel; the question of waiver is one of intention.

4. ———: FALSE SWEARING BY INSURED: SUFFICIENCY OF EVIDENCE. The evidence in this cause is considered, and held sufficient to warrant the submission to the jury of the issue, whether plaintiff was debarred of his claim under the policy by reason of false swearing.

5. ———: CONDITION AGAINST STORAGE OF ETHER: EXCEPTIONS ARISING FROM NATURE OF SUBJECT OF INSURANCE. A printed condition of a fire insurance policy prohibiting the storage of ether does not apply, when the subject of the insurance is merchandise in a drug store, and ether in the quantity stored is a customary and necessary part of such merchandise.

| | |
|---|---|
| 60 | 673 |
| 61 | 356 |
| 60 | 673 |
| 66 | 513 |
| 67 | 69 |
| 60 | 673 |
| 80 | 601 |
| 60 | 673 |
| 89 | 111 |
| 61 | 673 |
| 91 | 685 |
| 91 | 688 |
| 60 | 673 |
| 98 | 621 |
| 176s | 297 |

6. **Evidence**: COMPETENCY OF OFFER TO COMPROMISE. An offer of compromise is not competent evidence as an admission of liability.

*Appeal from the Pike Circuit Court.*—HON. REUBEN F. ROY, Judge.

REVERSED AND REMANDED.

*Elijah Robinson* for appellant.

*Fagg & Ball* and *Clark & Dempsey* for respondent.

ROMBAUER, P. J—The defendant is a foreign insurance company. In August, 1892, it issued its policy of insurance to the plaintiff, insuring him for one year against loss by fire in the sum of $1,800, of which amount $1,450 were placed on his stock of drugs and merchandise, and $350 on his soda fount, shelf ware, and store furniture and fixtures. On the, twenty-seventh day of October; 1892, the property thus insured was totally destroyed by fire. The plaintiff, not being able to effect a settlement, of the loss with the defendant, thereupon brought this action, and upon its trial before a jury recovered a verdict for the entire amount of the insurance, less certain deductions theretofore paid out by the defendant as garnishee of plaintiff. From the judgment entered upon this verdict the defendant appeals, and assigns, among others, the following errors: The overruling of its plea to the jurisdiction of the court, the admission of illegal evidence, the refusal of the court to sustain its demurrer to the evidence, and misdirection of the jury by the court's instructions.

The petition is in the usual form. The answer, among other defenses, sets up the violation of the following conditions of the policy: Failure to make the

preliminary proofs required by the policy; false swearing by the assured touching matter relating to the insurance; failure to arbitrate the loss, as required by the policy, and keeping of ether on the premises. The answer also relies upon the plea to the jurisdiction of court.

The plea to the jurisdiction is based on the following propositions: The Louisiana Court of Common Pleas, wherein this suit was originally brought, has concurrent jurisdiction with the circuit court for said county in civil cases against nonresident defendants, only when the original process is served within certain townships in Pike county. Relying on this provision and the decision of Kansas City court of appeals in *United States Mutual Accident Ins. Co. v. Reisinger*, 43 Mo. App. 571, the defendant contends that said court can not obtain jurisdiction of a foreign insurance company by service on the superintendent of insurance department in the city of St. Louis. The decision in the *Reisinger case* was based on the act of March 24, 1885. The law was amended in 1889, and now provides, in section 5912 of the Revised Statutes of 1889, that such superintendent may be served or acknowledge "service of process" issued from any court *of record, justice of the peace, or other inferior court*. The words italicized are new. In view of the amendment, the plea to the jurisdiction was properly overruled.

When the preliminary proofs were offered in evidence, the defendant objected to them on the ground, among others, that they were not in compliance with the terms of the policy. The objection was overruled by the court, the defendant excepted, and the preliminary proofs were read in evidence. The court also at the instance of the plaintiff instructed the jury that they should find for the plaintiff, if they found that

the goods destroyed were those of the plaintiff, and that the plaintiff notified the defendant of the loss "by delivering to defendant the proofs of loss, read to you in evidence, within sixty days from the date of the fire," thus deciding as a matter of law that the proofs of loss furnished were sufficient under the terms of the policy.

The policy provided that the proofs of loss should be signed and sworn to by the assured, and should, among other things, state the knowledge and belief of the insured as to the time and origin of the fire, and the interest of the insured in the property, and should be accompanied by the certificate of the magistrate or notary public living nearest the place of fire, stating that he has examined the circumstances, and believes that the insured has *honestly* sustained loss to the amount that such magistrate or notary public shall certify. The proofs of loss furnished were defective in the above particulars, and the attention of the plaintiff was called to these defects by a letter of the company's adjuster, and the plaintiff replied through his attorney that he deemed the proofs sufficient in other respects, but that he would supply the notary's certificate, which was missing in the first proofs sent. The plaintiff thereupon did send a notary's certificate, which failed to state either that the notary was the one living nearest to the place of fire, or that he had examined into the circumstance or origin of the fire, or that the notary believed that the insured had *honestly* sustained any loss. The word italicized had some importance in this connection, because there were suspicious circumstances connected with the origin of the fire, and, as will be hereafter seen, substantial controversy as to the extent of the loss. Under the decisions of *Noonan v. Hartford Fire Ins. Co.*, 21 Mo. 81; *Erwin v. Insurance Company*, 24 Mo. App. 145, and *Leigh v. Springfield Fire and Marine Insurance Company*, 37 Mo. App. 542, the prelim-

inary proofs of loss furnished in this case were insufficient, and should have been ruled out as such. This proposition is, of course, independent of the question of waiver which will be hereafter referred to, as the sufficiency of preliminary proofs is a question of law, and the question of waiver, where there is any evidence of waiver, is one for the jury.

The court also erred in admitting in evidence the offer of the adjuster to pay $700. All the surrounding circumstances show that this offer was made by way of compromise, and not with a view of admitting any liability for the loss. Since the offer was rejected and the plaintiffs were subsequently required to complete their proofs of loss, the evidence had no tendency to prove any issue in the case. The law favors compromises, and excludes evidence of this character. *Smith v. Shell*, 82 Mo. 215.

The question of false swearing arises in this manner. The policy provides that it shall be void in any case of any false swearing by the assured touching any matter relating to the insurance or the subject thereof, *whether before or after the loss*. In the sworn proofs of loss furnished by the plaintiff the value of the merchandise destroyed was given at $1,900. It appeared by plaintiff's own evidence that the last inventory taken was in February, 1892, in which the value of the goods was fixed at $1,520; that, since that time, the plaintiff had bought $700 worth of goods, and sold goods to the amount of over $1,786. What the profit on these sales was did not appear, nor was there any evidence what the profit on the sale of drugs usually is. Without any profit on the sales the value of the goods, according to plaintiff's evidence, would have been reduced to $434; but, as the profits on sales under the evidence are a mere matter of speculation, the most that can be said is that the court could not withdraw

the case from the jury, on the ground that it conclusively appeared by the plaintiff's own evidence that he was guilty of false swearing.

The court committed no error in submitting the question of waiver of defects in preliminary proofs to the jury. After the plaintiff had furnished the notary's certificate, the defendant made no further objection, although the certificate was insufficient. The defendant was shortly thereafter sued as garnishee of the plaintiff in a number of suits, and in all of them admitted that it was indebted to the plaintiff on account of this loss in a sum of at least $350. The defendant lays stress upon the fact, that these admissions were made after the sixty days had expired within which plaintiff was bound to furnish proofs of loss. The defendant claims that there can be no waiver, where elements of estoppel are wanting. That the position we deem untenable. While there are many cases which bear out the defendant's contention on that point, we think the true rule is as stated by us in the recent case of *Stiepel v. Insurance Company*, 55 Mo. App. 224, 233: "*Waiver* depends solely upon the intention of the party against whom it is invoked, and is in that respect essentially different from *estoppel.*"

In this case it was shown that the adjuster of the defendant, into whose charge the entire matter was placed, wrote to the plaintiff under date of December 31, and after the expiration of the sixty days, to furnish additional proofs, and that the notary's certificate was furnished after that date. It further appears that, while these garnishment proceedings were pending, the general manager of the defendant wrote to plaintiff's counsel that plaintiff's claim was in the hands of the adjuster of the company, and that he trusted "that the matter would be closed upon a basis that is equitable and fair." All these acts had a tendency to indicate a

waiver on part of the company of a forfeiture for failure of preliminary proofs, and as such they were admissible in evidence.

Nor was the storing of the small quantity of ether, ground for forfeiture of the policy. The quantity shown to have been stored was one pound, and as the subject-matter of insurance was "merchandise in a drug store," and it was shown that ether in small quantities is a customary and necessary part of such merchandise, it could not be held to be within the prohibition of the policy. *Archer v. Insurance Company*, 43 Mo. 434.

While, however, the jury might have found for the plaintiff on the ground of waiver, there is nothing in their verdict to indicate that their finding was based on that ground exclusively. The fact remains that the court in its instructions charged them, in substance, that the preliminary proofs were sufficient. As that ruling was erroneous, and we must adhere to our ruling that error, unless the contrary is shown, is presumed to be prejudicial, we must reverse the judgment and remand the cause for new trial. So ordered. All the judges concur.