St. Louis & San Francisco Railway Company, *Appellant*, v. Lowder.

Division Two, April 3, 1897.

1. **Void Judgment**: EXECUTION: INJUNCTION. A court of equity will not enjoin an execution issued on a void judgment rendered by a justice of the peace; the defendant has an adequate remedy at law.

2. ——: ——: JURISDICTION OF SUBJECT-MATTER: MINISTERIAL OFFICER. If an execution is regular on its face and the court from which it issued has jurisdiction of the subject-matter, an officer is not bound to examine into the validity of the judgment.

3. **Jurisdiction of Subject-Matter**: DEFINITION. Jurisdiction of the subject-matter is the power, lawfully conferred, to deal with the general subject involved in the action.

4. **Void Judgment**: REMEDY. Defendant's remedy is an action in replevin against the purchaser at the execution sale.

*Certified from St. Louis Court of Appeals.*

AFFIRMED.

*Edward D. Kenna* and *L. F. Parker* for appellant.

(1) The doctrine that a court of· equity will enjoin the enforcement of a judgment of a justice of the peace which is void for want of jurisdiction, by reason of the fact that no proper service of process has been had upon the defendant, is well settled in this court and has been since the case of *Bornschein v. Finck*, 13 Mo. App. 120. *Blakeslee v. Murphy*, 44 Conn. 188; *Mining Co. v. Schirmer*, 64 Ill. 106; *Nicholson v. Stephens*, 47 Ind. 185; *Caruthers v. Hartsfield*, 3 Yerg. 366; *Johnson ·v. Coleman*, 23 Wis. 452; *Hernandez v. James*, 23 Iowa Ann. 483; *Ins. Co. v. Reisinger*, 43 Mo. App. 571. But it is contended that the contrary doctrine is announced in *Bear v. Youngman*, 19 Mo. App. 41; *Stockton v. Ransom*, 60 Mo. 535; *Rohland v. Railroad*, 89 Mo. 180. These cases were all before the court in case of *Ins. Co. v. Reisinger*, 43 Mo. App. 571, where it is held, notwithstanding those decisions that the remedy by injunction is a proper one. (2) It is quite apparent that of late years courts have been disposed to regard with favor proceedings which are preventive in their character, rather than compel the injured party to seek redress after the damage is accomplished; and this rule has been frequently applied where it has been sought to enforce the collection of a tax based upon a void levy. *Overall v. Ruenzi*, 67 Mo. 203. And this, too, when only personal property has been seized. *Railroad v. Apperson*, 97 Mo. 300.

*H. C. Pepper* for respondent.

BURGESS, J.—This is a proceeding by bill in equity to restrain the collection of a judgment in favor of defendant Howell, and against plaintiff rendered by J. L. Bedford, a justice of the peace of Barry county, upon the ground that the judgment is void in that it was rendered without service of process on the plaintiff herein.

The petition alleges that J. F. Bedford, a justice of the peace of Barry county, rendered judgment against the plaintiff in favor of W. A. Howell, defendant; that the judgment was rendered without the service of process on the plaintiff; that an execution had been issued on the judgment, and that the defendant Lowder, who is constable of the township where the judgment was rendered, had seized under said execution and was proceeding to sell a car, the property of the plaintiff. A temporary injunction was granted.

At the return term of the summons issued in the cause defendants interposed a general demurrer to the petition, alleging as ground therefor "that the petition does not state facts sufficient to constitute a cause of action." The demurrer was sustained and upon plaintiff's refusal to plead further, judgment was rendered for defendant dismissing the petition. Then followed an assessment of damages on motion of defendants.

From the judgment rendered plaintiff appealed to the St. Louis Court of Appeals, where the judgment was affirmed (59 Mo. App. 3), but the case was certified to the Supreme Court upon the ground that the decision is in conflict with prior decisions of the Supreme Court.

The only question presented by this record is, will a court of equity enjoin the collection of an execution

issued on a void judgment rendered by a justice of the peace?

There is some conflict in the adjudications of the appellate courts of this State upon this question. It has, however, always been held that where the court or justice of the peace has jurisdiction of the subject-matter the ministerial officer is not bound to examine into the validity of the judgment, the proceedings or the process. It is sufficient for his protection if the execution be regular upon its face and the court from which it was issued had jurisdiction of the subject-matter. *Miller v. Brown*, 3 Mo. 128; *Higdon v. Conway*, 12 Mo. 295; *Melcher v. Scruggs*, 72 Mo. 406. But "if the court has no jurisdiction over the subject-matter, the officer is supposed to know it; and an execution issued upon such judgment is no protection to him. It is his duty to refuse to serve it. But if the court has jurisdiction over the subject-matter, and has only failed to obtain jurisdiction of the person, an execution will protect the officer, provided the failure does not appear upon the process in his hands." *Howard v. Clark*, 43 Mo. 348.

"Jurisdiction of the subject-matter, is power to adjudge concerning the general question involved, and is not dependent upon the state of facts which may appear in a particular case arising, or which is claimed to have arisen, under that general question. One court has jurisdiction in criminal cases; another in civil cases; each in its sphere has jurisdiction of the subject-matter. Yet the facts, the acts of the party proceeded against, may be the same in a civil case, as in a criminal case. * * * We conclude that jurisdiction of the subject-matter is the power, lawfully conferred to deal with the general subject involved in the action." *Hunt v. Hunt*, 72 N. Y. 217; *State ex rel.*

*Scott v. Smith,* 104 Mo. 419; *State ex· rel. Railroad v. Neville,* 110 Mo. 345; *Musick v. Railroad,* 114 Mo. 309.

In the case at bar the justice had jurisdiction of the subject-matter, and the execution was regular upon its face, but the judgment was void for the want of jurisdiction of the defendant therein, no process having been served upon it. ˙ In such circumstances it was held in *Bornschein v. Finck,* 13 Mo. App. 120, that the defendant in the judgment had no adequate remedy at law, and that injunction to restrain the collection of the judgment and execution was the proper remedy. A similar ruling was announced in *United States, etc., Ins. Co. v. Reisinger,* 43 Mo. App. 571.

A different ruling was however made by the Supreme Court in *Stockton v. Ransom,* 60 Mo. 535, in which plaintiff sought to restrain by injunction the sale of personal property under an execution issued on a void judgment, and it was held, in so far as the facts appeared, the plaintiff had an ample and adequate remedy at law. That case was followed and approved in *Bear v. Youngman,* 19 Mo. App. 41, in which it was held that injunction was not the proper remedy, even though the judgment was void.

The same question was again before the Supreme Court in *Railroad v. Reynolds,* 89 Mo. 146. The suit was to restrain by injunction the collection of a judgment purporting to be rendered in favor of the defendant, M. L. Reynolds, by a justice of the peace. The petition alleged that the justice of the peace acquired no jurisdiction of the defendant in the judgment sought to be enjoined. The court said: "If the judgment of the justice is void, then will the execution issued thereon be void also, and equity will not interfere to do a nugatory act. The remedy of the railway is ample and adequate at law, and this prevents the interposition of a court of equity, as a suit could be maintained against

the constable as a trespasser, and the purchaser's pretended title would be valueless. This is elementary law." What was said in that case to the effect that a suit could be maintained against the constable as a trespasser was with respect to a collateral matter not involved in the case, was merely *obiter*, and should not be regarded as decisive of that question. Aside from that question the decision is in line with the weight of authority in this State. The cases of *Bornschein v. Finck, supra*, and *United States Ins. Co. v. Reisinger, supra*, should therefore be overruled.

The execution being regular upon its face and emanating from a court having jurisdiction of the subject-matter, was a sufficient protection to the constable against any action of trespass which might be brought against him by the judgment debtor, notwithstanding both judgment and execution were void, but it does not for that reason follow that the defendant in that suit did not have full, complete, and adequate remedy at law against the collection of a judgment which it alleges to be void. The defendant in the execution, plaintiff here, could have replevied the property from the purchaser after its sale by the constable under the execution. In such case the remedy at law would be ample and adequate.

The judgment and execution being void no title would have passed to the purchaser of the property thereunder, notwithstanding such execution may have been a protection to the officer against an action of trespass against him by the owner of the property.

It would be difficult, if not impossible, to reconcile the authorities in this State in regard to the granting injunctive relief to restrain the collection of taxes assessed without authority of law against personal property, nor shall we attempt to do so, because unnecessary to a determination of this case, but it may not be

out of place to suggest that such relief should not be granted if at all, except to avoid a multiplicity of suits, or under peculiar circumstances.

The judgment whose collection is sought to be restrained in this case, is absolutely void for want of service of process on the plaintiff herein, and as under such circumstances the law affords plaintiff adequate legal relief, the temporary injunction was improvidently granted. It follows that the judgment of the St. Louis court of appeals, affirming the judgment of the court below, is affirmed. GANTT, P. J., and SHER-WOOD, J., concur.