# LEE E. WHITE and B. E. GAUNT, Appellants, v. WILLIAM S. HENDERSON, et al., Respondents.*

Kansas City Court of Appeals. November 10, 1924.

1. JUSTICES OF PEACE: Where Trustees Had an Adequate Remedy at Law for Levy on Their Individual Property Under Execution on Void Judgment, Court of Equity Had no Right to Enjoin Levy of Execution. In an action against trust and trustees the fact that their association, or so-called common-law trust, was in hands of receivers did not render remedy at law of such trustees for levy upon their individual property, under an execution issued on a void judgment rendered by justice of peace inadequate, so as to authorize court of equity to enjoin sale thereof.

2. OFFICERS: Sheriffs and Constables: Where Court Has Jurisdiction of Subject-Matter, Ministerial Officer Not Bound to Examine into Validity of Judgment, Proceedings or Process. Where court, or justice of peace, has jurisdiction of subject-matter, ministerial officer is not bound to examine into the validity of judgment, proceedings or process.

3. JUSTICES OF PEACE: Jurisdiction Over Subject-Matter Empowered Justice of Peace to Adjudge General Question Involved. Where justice of peace had jurisdiction over subject-matter he was empowered to adjudge the general question involved.

4. ————: In Action Against Trustees of Common-law Trust Failure to Serve Such Trustees Individually Was no Ground for Enjoining Sale of Their Individual Property Under Execution on Judgment Against Them Individually. In an action against common-law trust and trustees where justice of peace had jurisdiction of subject-matter and execution issued upon a judgment against said trustees was regular on its face, the fact that trustees had not been served individually was insufficient to authorize court of equity to enjoin sale of their property under levy of execution as said trustees had an adequate remedy at law.

---

*Corpus Juris-Cyc. References; Courts, 15CJ, p. 735, n. 94. Executions 23CJ, p. 553, n. 95, 96. Justices of the Peace, 35CJ, p. 705, n. 9. Sheriffs and Constables, 35Cyc, p. 1743, n. 18.

Appeal from the Circuit Court of Buchanan County.— *Hon. Wm. H. Utz,* Judge.

AFFIRMED.

*John E. Heffley* and *W. N. Linn* for appellants.

*L. E. Thompson* for respondents.

ARNOLD, J.—This is a suit in equity seeking to enjoin the sale of plaintiffs' property herein levied upon by defendant Hatfield, a constable, under a writ issued out of the court of defendant Forgrave, a justice of the peace of Buchanan county, Missouri. Defendant Henderson was a plaintiff in the case before the justice of the peace.

The circuit court dismissed plaintiffs' petition herein and rendered judgment accordingly. Plaintiffs have appealed.

The petition alleges, among other things, that the defendants in the justice court case were sued as trustees and not as individuals, and that the justice erroneously entered judgment against defendants as individuals and not as trustees; that Henderson falsely and fraudulently induced the justice to issue execution against these plaintiffs individually upon the judgment so erroneously entered, and induced the constable to seize valuable property of plaintiffs herein under the said execution; that the constable is about to sell said property under the execution; that Henderson is insolvent and that the Overland Transport Company, one of the defendants in the justice court, and for which plaintiffs herein were acting as trustees, is in the hands of receivers. The petition prays that defendants be restrained from further proceeding under the alleged void judgment, or judgment erroneously entered, and that the said judgment be set aside and held for nought, as affecting plaintiffs herein individually.

While a formal petition is not required under our practice in the institution of a case in a court of a justice

of the peace, it seems that a formal petition was filed in the initial proceeding in this case, said petition being entiled "William S. Henderson, plaintiff, v. Overland Transport Co., L. A. Keck, J. M. Cahill, C. R. Orcutt, Lee E. White and B. E. Gaunt, defendants. The said petition charged that the Overland Transport Co. is an unincorporated association doing a general automobile repairing business, hauling and delivering goods and merchandise for compensation; that L. A. Keck was its president and L. A. Keck, J. M. Cahill, C. R. Orcutt, Lee E. White and B. E. Gaunt were trustees thereof.

The petition further stated that on October 1, 1921, the said association and trustees solicited plaintiff Henderson to, and that plaintiff did, enter their employ as mechanical superintendent of their garage; that a contract was entered into whereby Henderson was to receive as salary $175 per month for his services as such superintendent; that he entered such employ on October 10, 1921, and continued therein until October 22, 1922; that the said contract provided for the purchase of stock in the concern to the amount of $500 at $10 per share. That the said Henderson, pursuant to said contract, paid cash on the purchase price of said stock to the amount of $250; and that said contract provided that at any time plaintiff should sever his connection with the association, or the defendants, he should receive from them the amount of money he had paid them on his said stock subscription.

The said petition further charges fraud and misrepresentations made to him as an inducement to make the said contract with defendants, in that defendants falsely represented that at said time said defendants had $10,000 cash as capital stock on hand; also trucks and machinery on hand, paid for, and of great value; that plaintiff believed said false statements to be true, and by reason of such inducements, which he believed to be true, he made said contract and entered the employ of defendants; that plaintiff severed his connection with defendants and demanded at their hands the return of

$250, the amount paid on the purchase price of the stock secured by him under the terms of the contract, and that payment was refused. The prayer for relief is as follows: "Wherefore plaintiff prays judgment against the defendants in the sum of $250, and for his costs."

The record discloses that a declaration of trust was made on August 24, 1921 forming the Overland Transport Co. In this instrument certain trustees were named, provisions were made for further trustees, for the issuance of stock and for the non-liability of the trustees and shareholders personally for the debts and liabilities of the association. The plaintiffs herein, together with the original trustees, prior to the employment of Henderson, became trustees in the association. Defendants in the justice court case were served personally and not as trustees. There was a jury trial in the justice court and the case was contested. Judgment was entered in favor of plaintiff therein and against the defendants individually, and execution was issued against them.

The contract mentioned in the petition in the justice court purports to have been executed between Henderson and the Overland Transport Company, signed for the company by its president, attested by its secretary, and by Henderson for himself. It is not signed by the trustees, as such, nor by them individually.

Defendants herein urge that the declaration of trust was defective in that it did not legally create a so-called common law, or Massachusetts business trust, and that the trustees and stockholders became partners, and the defendants in the suit in the justice court were therefore liable individually as partners.

We think it is immaterial to the issues before us whether the declaration of trust actually created an association limiting the personal liability of the trustees and stockholders, or whether the result merely created a partnership among the trustees and stockholders. For the purposes of this suit, and inasmuch as the jurisdiction of the justice is not questioned, excepting insofar as his right to enter the judgment that he did, we may as-

sume that the justice had jurisdiction to try the issues before him. The only question presented for our solution is as to the right of a court of equity to enjoin an execution issued on a void judgment rendered by a justice of the peace, where there is an adequate remedy at law.

Plaintiffs herein urge that they had no adequate remedy at law because of the fact that the association was in the hands of receivers. This position we hold to be unsound. The remedy at law exists whether the association is in the hands of receivers or not. We can consider the question only in the light of the fact that a remedy at law exists, and not because of defendants' ability to respond if judgment be entered against them.

The question involved in this appeal was determined against the contention of plaintiffs herein in the case of Railway Co. v. Lowder, 138 Mo. 533, opinion by BURGESS, J. That was a bill in equity to restrain the collection of a judgment rendered by a justice of the peace in favor of the defendant, upon the ground that the judgment is void in that it was rendered without service of process upon defendant (plaintiff in the injunction suit). There is some conflict in the adjudications of appellate courts in this State upon this question, though it always has been held that where the court, or a justice of the peace, has jurisdiction of the subject-matter, the ministerial officer is not bound to examine into the validity of the judgment, the proceedings or the process. In Railway Co. v. Lowder, supra, the court said, l. c. 536:

"It is sufficient for his protection if the execution be regular on its face and the court from which it was issued had jurisdiction of the subject matter.. [Miller v. Brown, 3 Mo. 128; Higdon v. Conway, 12 Mo. 295; Melcher v. Scruggs, 72 Mo. 406.] But 'if the court has no jurisdiction over the subject-matter, the officer is supposed to know it; and an execution issued upon such judgment is no protection to him. It is his duty to refuse to serve it. But if the court has jurisdiction over the subject-matter, and has only failed to obtain jurisdiction of

the person, an execution will protect the officer, provided the failure does not appear upon the process in his hands.' [Howard v. Clark, 43 Mo. 348.]''

Having jurisdiction over the subject-matter, the justice was empowered to adjudge the general question involved. [State ex rel. Scott v. Smith, 104 Mo. 419; State ex rel. Railroad v. Neville, 110 Mo. 345; Musick v. Railroad, 114 Mo. 309.] Applying these well-established rules to the case at bar, the justice had jurisdiction of the subject-matter, and the execution was regular on its face; but if plaintiffs are right in their contention, the judgment was void because plaintiffs had not been served individually.

This identical question arose in Railroad v. Reynolds, 89 Mo. 146, and it is there said:

"If the judgment of the justice is void, then will the execution issued thereon be void also, and equity will not interfere to do a nugatory act. The remedy of the railway is ample and adequate at law, and this prevents the interposition of a court of equity, as a suit could be maintained against the constable as a trespasser, and the purchaser's pretended title would be valueless. This is elementary law."

In the Lowder case, supra, 1. c. 538, the court said:

"The execution being regular upon its face and emanating from a court having jurisdiction of the subject-matter, was a sufficient protection to the constable against any action of trespass which might be brought against him by the judgment debtor, notwithstanding both judgment and execution were void, but it does not for that reason follow that the defendant in that suit did not have full, complete, and adequate remedy at law against the collection of a judgment which it alleges to be void. The defendant in the execution, plaintiff here, could have replevied the property from the purchaser after its sale by the constable under the execution. In such case the remedy at law would be ample and adequate. The judgment being void no title would have

passed to the purchaser of the property thereunder, notwithstanding such execution may have been a protection to the officer against an action of trespass against him by the owner of the property.''

For reasons above stated, we hold that the action of the trial court in dismissing plaintiff's bill in equity was proper.

The judgment is affirmed. All concur.